UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SWAIN, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants ) | 1:20-cv-00449-JDL |

**RECOMMENDED DECISION ON MOTION FOR TEMPORARY RESTRAINING ORDER/MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiffs, inmates at the Maine State Prison, allege they have been diagnosed with serious mental health conditions, which have been exacerbated by their conditions of confinement, including their improper placement in segregation. One of the Plaintiffs, Nicholas Gladu, on behalf of the plaintiffs, has moved for a temporary restraining order and a preliminary injunction. (Motion, ECF No. 18.) After review of the motion, I recommend the Court deny the motions without prejudice.

**FACTUAL BACKGROUND**

In support of the request for injunctive relief, Plaintiff Gladu asserts that the plaintiffs have suffered severe psychological harm and decompensated due to their placement in segregation. Plaintiffs ask the Court to enjoin Defendants, who are employees of the Maine Department of Corrections and of the medical provider at the prison, "from continuing the acts and omissions set forth" in the complaint.

## DISCUSSION

The law permits individuals who are not licensed to practice law to represent their interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same). Plaintiff Gladu is not licensed to practice law in Maine and, therefore, cannot obtain relief on behalf of the other plaintiffs.[1]

As to his request for injunctive relief, to obtain emergency injunctive relief, Plaintiff Gladu must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[2] and (4) a fit (or lack of friction) between the injunction and the public interest."[3] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of*

---

[1] To the extent Plaintiff Gladu maintains that as a member of an alleged class he can assert claims or arguments on behalf of the class, he cannot maintain a class action on behalf of other individuals subject to Defendants' custody. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

[2] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[3] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

*Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff Gladu alleges that he has requested, but been denied placement in a mental health unit rather than segregation (Complaint ¶¶ 37, 38), that placement in segregation has deprived him of access to basic hygiene and mental health treatment (*Id.* ¶¶ 40, 48, 56, 61), that he has been subject to unhealthy temperatures and been provided inadequate food (*Id.* ¶ 48), and that he has not received mail and certain publications to which he subscribed. (*Id.* ¶¶ 72-74.)

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).[4]

---

[4] Plaintiff's claim of a constitutional violation is governed by 42 U.S.C. § 1983, which provides:

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.  That is, a prison official may be deliberately indifferent if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The official must (1) be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and (2) actually draw the inference.  *Id.*

Through his submissions, Plaintiff Gladu requests both a temporary restraining order and a preliminary injunction.  Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard.  *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015).  A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right."  *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)).  By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). A court should also be mindful that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

Regardless of whether Plaintiff Gladu could satisfy any of the requirements for injunctive relief, he has not demonstrated that he has provided notice to the defendants of his request for immediate injunctive relief, nor has he shown that he would suffer immediate and irreparable harm before the defendants could be heard in opposition to his request. Plaintiff Gladu, therefore, is not entitled to a temporary restraining order or a preliminary injunction[5] at this stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff Gladu's motions for temporary restraining order and preliminary injunction without prejudice to Plaintiff's ability to request injunctive relief with notice to and an opportunity to be heard by Defendants.

---

[5] Federal Rule of Civil Procedure 65 provides in relevant part: "The court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of January, 2021.