UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SWAIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Zachary Swain and five other prisoners at the Maine State Prison (collectively, "Plaintiffs") have brought this action against the Maine Department of Corrections; Wellpath, LLC, which provides mental health care and treatment at the prison; and a number of individual employees of those two entities (ECF No. 1). The Plaintiffs assert federal constitutional and statutory claims arising from their conditions of confinement, particularly their placement in solitary confinement or segregation for extended periods of time, which they allege exacerbates their serious underlying mental health conditions and causes them severe psychological harm.

On January 13, 2021, the Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18). United States Magistrate Judge John C. Nivison filed his Recommended Decision on the Motion with the Court on January 21, 2021 (ECF No. 21), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2021) and Fed. R. Civ. P. 72(b). The Plaintiffs filed an objection on February 9, 2021 (ECF No. 32).

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

In their objection, the Plaintiffs argue that the Magistrate Judge failed to consider the severity of the alleged harm in denying their motion for a temporary restraining order or preliminary injunction. However, the Magistrate Judge recommended denial of the Plaintiffs' motion because the Plaintiffs had not provided the Defendants—none of whom have yet been served or appeared in this action—with notice of the motion, explained why notice could not be provided, or demonstrated that immediate and irreparable injury would result before the Defendants could be heard, in accordance with Federal Rule of Civil Procedure 65. The Court notes that the denial of the Plaintiffs' requests for injunctive relief will be made without prejudice to their reasserting those requests if the requirements of Rule 65 are met.

The Plaintiffs' objection also includes challenges to two other, nondispositive orders of the Magistrate Judge, which I will address in sequence. *See* Fed. R. Civ. P. 72(a). First, the Plaintiffs object to the Magistrate Judge's order denying their motion for appointment of counsel (ECF No. 13).[1] The Plaintiffs assert that their continued isolation and mental health conditions "substantially impede their abilities to represent themselves." ECF No. 32 at 1. However, the Magistrate Judge denied this

---

[1] The Magistrate Judge entered this order on January 4, 2021, but the Plaintiffs assert that they did not receive notice of the order until January 26, over three weeks later. The Court therefore treats this objection as timely for purposes of Fed. R. Civ. P. 72(a).

request primarily because the case is still in its early stages, and the initial screening of the complaint under 28 U.S.C.A. § 1915(e) has not yet been completed. Additionally, the denial was made without prejudice to the Plaintiffs renewing that request "if the matter proceeds." ECF No. 13 at 2. Although the complexity of the medical and legal issues raised by the Plaintiffs' Complaint may support the appointment of counsel down the line, I cannot say that the Magistrate Judge's decision, at this preliminary stage, was "clearly erroneous." Fed. R. Civ. P. 72(a).

Second, the Plaintiffs object to the Magistrate Judge's order denying their motion to extend time and for court assistance (ECF No. 27). In that motion, one Plaintiff—Nicholas Gladu—requested that the Court assist several other Plaintiffs with obtaining the financial information required to file their individual motions for leave to proceed *in forma pauperis*. The Magistrate Judge properly denied that motion because Gladu is not an attorney and cannot represent other parties or petition the Court on their behalf. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

Finally, in addition to the arguments raised in their objection docketed at ECF No. 32, the Plaintiffs previously filed an objection, docketed at ECF No. 25, to the Magistrate Judge's January 14, 2021 order (ECF No. 20) denying their request that the Court order the Defendants to assist the Plaintiffs with sharing and signing papers between them (ECF No. 17). For the reasons set forth in the Magistrate Judge's order (ECF No. 20), I agree that such an order would be inappropriate.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 21) of the Magistrate Judge is hereby **ACCEPTED**. The Plaintiffs' Motion for Temporary

3

Restraining Order and Preliminary Injunction (ECF No. 18) is **DENIED** without prejudice.

**SO ORDERED.**

**Dated this 25th day of February, 2021**

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**
