UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SWAIN, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>Defendants ) | 1:20-cv-00449-JDL |

**RECOMMEND DECISION AS TO PLAINTIFFS LANE AND ZERNICKI
AND ORDER ON SHOW CAUSE ORDER AND PLAINTIFFS' MOTIONS**

Plaintiffs, six inmates at the Maine State Prison, allege that they have been diagnosed with serious mental health conditions, which have been exacerbated by their conditions of confinement at the prison. The matter is before the Court on three motions filed by Plaintiffs Nicholas Gladu, Anthony Hardy, and Zachary Swain: a motion to separate plaintiffs, a motion to amend their complaint, and a motion for next friend status. (Motions, ECF Nos. 38, 40, 47.) The matter is also before the Court on an order to show cause as to the other two Plaintiffs—Ryan Lane and Jacob Zernicki—regarding their failure to pay the filing fee or to complete an application to proceed in forma pauperis.[1] (Order, ECF No. 39.)

Following a review of the record and after consideration of the Plaintiffs' arguments, I deny Plaintiffs' motion to amend, deny Plaintiffs' motion to separate

---

[1] The order also directed Plaintiff Robert Carroll to show cause. Plaintiff Carroll subsequently filed a motion to withdraw as a party. (Motion, ECF No. 51.) The Court granted the motion and dismissed Plaintiff Carroll's claims. (Order, ECF No. 52.)

plaintiffs, and deny Plaintiffs' motion for next friend status.  I also recommend the Court dismiss the claims of Plaintiffs Lane and Zernicki without prejudice for lack of prosecution.

## BACKGROUND

After Plaintiffs filed their complaint, each plaintiff filed a motion to proceed in forma pauperis.  (Motions, ECF Nos. 2-7.)  The Court granted Plaintiff Gladu's motion to proceed in forma pauperis (Order, ECF No. 12), but, on January 5, 2021, denied the motions as to the other plaintiffs, concluding that the other plaintiffs had not included with their motions the financial information necessary for the Court to assess their requests. (Order, ECF No. 14.)  The Court ordered the remaining plaintiffs to renew their in forma pauperis requests and file the necessary financial information on or before January 22, 2021.  (*Id.*)

On January 21, Plaintiff Swain filed a second motion to proceed in forma pauperis, which motion the Court granted.  (Motion, ECF No. 22; Order, 24.)  Swain then filed his intent to proceed.  (Indication, ECF No. 30.)  Plaintiff Hardy filed a second motion to proceed in forma pauperis on February 16, 2021.  (Motion, ECF No. 35.)  The Court granted Hardy's motion, and Hardy later notified the Court of his intent to proceed.[2] (Order, ECF No. 36; Indication, ECF No. 48.)  On March 5, 2021, the Court ordered Plaintiffs Lane and Zernicki to show cause as to why they had not complied with the

---

[2] The Court originally ordered Plaintiff Hardy to express his intent to proceed in this action no later than March 10, 2021.  (Order, ECF No. 36.)  After Hardy did not meet that deadline, the Court entered an Order to Show Cause as to Hardy for his failure to timely notify the Court about his intent to proceed.  (Order, ECF No. 43.)  On that same day, Hardy filed a motion to extend the deadline.  (Motion, ECF No. 44.)  The Court granted the motion, extending the deadline to April 9, 2021.  (Order, ECF No. 45.)

Court's order to pay the filing fee or to file an application to proceed in forma pauperis. (Order to Show Cause, ECF No. 39.)

On March 8, 2021, Plaintiffs Gladu, Hardy, and Swain filed a motion seeking "to separate themselves from the claims and lawsuit of Lane and Zernicki,[3] so that the matters proceed as two separate suits." (Motion to Separate Plaintiffs, ECF No. 38.) On March 18, 2021, Gladu, Hardy, and Swain filed a motion to amend their complaint, which was accompanied by a proposed amended complaint. (Motion to Amend, ECF No. 40.) In the proposed amended complaint, only Gladu, Hardy, and Swain are named as plaintiffs.[4] (Proposed Complaint at 1-2, ECF No. 40-1.) On March 25, 2021, Gladu, Hardy, and Swain filed a motion for next friend status as to the claims of Plaintiff Zernicki, alleging that Zernicki is "legally incompetent and unable to protect his own rights." (Motion for Next Friend Status, ECF No. 47.)

## DISCUSSION

### A.   Motion to Amend Complaint/Motion to Separate Plaintiffs

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Rule 15(a) states, in relevant part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Because Plaintiffs have not yet served Defendants, Plaintiffs would be entitled to amend their

---

[3] Plaintiffs Gladu, Hardy, and Swain also sought to separate from the claim of Plaintiff Carroll. The Court, on Carroll's motion, subsequently dismissed Carroll's claims.

[4] On March 19, 2021, Plaintiffs also filed a motion seeking to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Motion, ECF No. 41.) The Court denied Plaintiffs' motion without prejudice. (Order, ECF No. 42.)

complaint against Defendants as a matter of course. All the plaintiffs, however, do not seek to amend the complaint. Instead, three of the plaintiffs, Gladu, Hardy, and Swain, ask to amend the complaint essentially to remove the other three plaintiffs from the case. Gladu, Hardy, and Swain, without the consent of the other plaintiffs, cannot amend the complaint to remove the other plaintiffs from the case. Similarly, in this alleged class action in which Plaintiffs have asserted common facts and issues, judicial economy militates against separating the plaintiffs to permit two separate lawsuits.

**B.     Motion for Next Friend Status**

Plaintiffs Gladu, Hardy, and Swain ask the Court to grant them next friend status as to the claims of Plaintiff Zernicki "for the limited purpose of motioning on his behalf for an independent mental health evaluation to assess Zernicki's functional capacity." (Motion for Next Friend Status, ECF No. 47.) Plaintiffs seek next friend status and ask the Court to "appoint a mental health professional to examine Zernicki prior to dismissing his claims." (*Id.*)

"Rule 17(c) of the Federal Rules of Civil Procedure governs a minor or incompetent's access to federal court." *Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010). The Rule provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). If the Court were to grant Gladu, Hardy, and Swain next friend status, they could not represent Zernicki without counsel. The law permits individuals who are not licensed to practice law to represent their own interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court.

With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *O'Diah v. Volkswagen of Am., Inc.*, 91 F. App'x 159, 160 (1st Cir. 2004) ("[E]ven assuming that [a party] is incompetent and needed a representative, such as his father, to sue on his behalf, *see* Fed. R. Civ. P. 17(c), his father would still need to be represented by an attorney."); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same). Because Plaintiffs Gladu, Hardy, and Swain are not licensed to practice law in Maine and because they are not represented by counsel, their appointment as a next friend of Zernicki would not permit them to request the relief they seek on behalf of Zernicki.[5]

**C.  Order to Show Cause**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't De Asuntos Del Consumidor*, 312 F.3d 522, 525-26 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Pursuant to Federal Rule of Civil Procedure 41(b), an action may be dismissed for a party's failure to prosecute or failure to comply with the Court's orders.

---

[5] To the extent Gladu, Hardy, or Swain maintains that as a member of an alleged class he can assert claims or arguments on behalf of the class, as an unlicensed layperson, he generally cannot maintain a class action on behalf of other individuals subject to Defendants' custody. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *Goguen v. Foss*, No. 1:12-CV-00070-GZS, 2012 WL 3960311, at *2 (D. Me. Aug. 7, 2012).

Here, Plaintiffs Lane and Zernicki failed to comply with the Court's order that directed them to file the necessary financial information such that the Court could analyze their requests to proceed in forma pauperis. (Order, ECF No. 14.) Additionally, they did not respond to the Court's Order to Show Cause for their failure to pay the filing fee or to file an application to proceed in forma pauperis in accordance with the Court's order. (Order to Show Cause, ECF No. 39.) Plaintiffs thus have not only failed to comply with two of the Court's orders, but insofar as they have not notified the Court of their intent to proceed in this matter, Plaintiffs have also failed to prosecute their claims. Dismissal of their claims, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiffs' motion to amend, deny Plaintiffs' motion to separate plaintiffs, and deny Plaintiffs' motion for next friend status. I also recommend the Court dismiss the claims of Plaintiffs Lane and Zernicki without prejudice for lack of prosecution.

## **NOTICE**

Any objections to the Order on Plaintiffs' motions to amend, to separate plaintiffs, and for next friend status shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2021.