UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ZACHARY SWAIN, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF
PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs, three inmates at the Maine State Prison, allege federal and state law claims arising out of the conditions of their confinement at the prison. (Amended Complaint, ECF No. 68.) In addition to their amended complaint, Plaintiffs filed applications to proceed in forma pauperis (ECF Nos. 2, 22, 35), which applications the Court granted. (Orders, ECF Nos. 12, 24, 36.)

In accordance with the in forma pauperis statute, a preliminary review of Plaintiffs' amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiffs' amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because each plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiffs' allegations, I recommend the Court dismiss all claims against three defendants and certain claims against other defendants but otherwise permit Plaintiffs to proceed.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiffs' amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiffs currently are incarcerated and seek redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL ALLEGATIONS

Plaintiffs assert they have been assigned to the Special Management Unit A-2 in the prison, referred to as the "segregation unit." (Amended Complaint at 5.) Plaintiffs allege the conditions in the unit generally include twenty-three hours of confinement each day in an eighty-six square foot cell, with one hour of outdoor exercise in a small yard. (*Id.* at 6, 13.) Plaintiffs maintain that prisoners in the unit are permitted one ten-minute weekly phone call, and they have no access to certain media (e.g., radio, television), or educational services or programming. (*Id.* at 13.) At times, prisoners have no access to library reading materials; Plaintiffs have not received the mail they ordinarily receive while in the general prison population, including magazines. (*Id.* at 15, 34–35.)

Plaintiffs assert that they have several medical conditions, including conditions that affect their mental health. (*Id.* at 5.)  According to Plaintiffs, Maine Department of Corrections (MDOC) policy provides that prisoners with serious mental health conditions are not to remain in segregation for longer than seven days, and no prisoner can be placed in segregation for longer than thirty days unless the prisoner is an immediate threat to themselves or others. (*Id.* at 12.)  MDOC policy provides for weekly and monthly reviews of prisoners in solitary confinement, but Plaintiffs have been denied the reviews. (*Id.*)  Plaintiffs allege they have been in solitary confinement for the majority of their sentences. (*Id.* at 6.)  According to Plaintiffs, because of their mental health conditions, they act erratically, resulting in disciplinary infractions, fines, and extended time in the segregation unit.  Plaintiffs allege that they have been denied adequate mental health resources and treatment and their mental health has suffered due to their protracted assignment to solitary confinement.

Plaintiffs also claim the sanitation in SMU A-2 is lacking.  Plaintiffs allege inadequate cleaning procedures, failing plumbing, and recurrent shortages of hygiene items, such as soap, toothpaste, deodorant, and toothbrushes.  (*Id.* at 22–24, 27.)  Plaintiffs also assert they do not always have access to eating utensils, that meals are prepared and served at unsafe temperatures, and that the heat in the unit is insufficient.  (*Id.* at 24.)

## DISCUSSION

Plaintiffs allege an Eighth Amendment conditions of confinement claim, an Americans with Disabilities Act (ADA) and Rehabilitation Act claim, a First and Fourteenth Amendment mail interference claim, an intentional infliction of emotional

4

distress claim, a negligent infliction of emotional distress claim, a third-party beneficiary breach of contract claim, a claim for violations of the state's statutory prisoners' rights, and a First Amendment retaliation claim.

Because the relevant provisions of the ADA and Rehabilitation Act prohibit discrimination by public entities and programs receiving federal financial assistance, Plaintiffs' claims fail as to the individual defendants. *See Wiesman v. Hill*, 629 F. Supp. 2d 106, 111 (D. Mass. 2009); *Gray v. Hanks*, No. 20-CV-152-PB, 2021 WL 2593613, at *4 (D.N.H. June 8, 2021).  The weight of authority also holds that prisoners can only pursue their ADA and Rehabilitation Act claims against the public entities contracting with private organizations and not against the private organizations, like Defendant Wellpath, because private contractors are neither public entities nor programs receiving federal financial assistance. *See Gross v. Landry*, No. 2:17-CV-00297-LEW, 2019 WL 1270922, at *9 (D. Me. Mar. 19, 2019).

In addition, Plaintiffs' § 1983 and state law claims for damages against the MDOC are barred by the state's sovereign immunity in federal court.  *See Abdisamad v. City of Lewiston*, No. 2:19-CV-00175-LEW, 2019 WL 2552194, at *2 (D. Me. June 20, 2019) (noting that state agencies have sovereign immunity and that the limited waivers of that immunity within its courts under the Maine Civil Rights Act and the Maine Tort Claims Act do not generally waive the state's immunity in federal court).

Finally, Plaintiffs assert claims against numerous individual defendants, but to state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated

Plaintiffs' rights. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009).  In other words, each defendant is entitled to an individualized assessment as to whether Plaintiffs have asserted an actionable claim against that defendant.  Plaintiffs have not described any relevant conduct of Defendants Liberty, Thornell, Newby,[1] and Ritter beyond formulaic and conclusory allegations that they knew or should have known of the conditions in the unit and the conduct and alleged failures of other defendants.  Those allegations are "not entitled to the assumption of truth," *id.* at 680, and given the four defendants' alleged positions, without further facts to support a plausible inference that they had the requisite knowledge or involvement, Plaintiffs have not asserted an actionable claim against them.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the ADA and Rehabilitation Act claims against all defendants except MDOC, dismiss the § 1983 and state law damages claims against MDOC, and dismiss all claims against Defendants Liberty, Thornell, Newby, and Ritter.  I also recommend that at this stage of the proceedings, the Court permit Plaintiffs to proceed on the other claims they have asserted against the remaining defendants.[2]

---

[1] Plaintiffs assert their third-party beneficiary medical services contract enforcement claim against Defendants Newby and Wellpath.  While similar claims have survived under some contracts pursuant to some states' laws, *see e.g.*, *Ogunde v. Prison Health Servs., Inc.*, 274 Va. 55, 64 (2007), the third-party beneficiary allegations do not alter the overall analysis as to Defendant Newby because even assuming a contract claim is supportable here, the claim would lie against the party to the contract, not against employees of the allegedly breaching company.  *See Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 299 (Me. 1988) (executive "was not a party to any contract made between [the employer] and the plaintiff . . . and he is not personally liable for breach of any such contract").

[2] Plaintiffs also attempt to assert an action on behalf of other inmates who are similarly situated.  Plaintiffs cannot assert a claim on behalf of other individuals.  An individual may appear in federal court only pro se or through legal counsel."  *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of September, 2021.

---

*United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654).  As pro se litigants, Plaintiffs cannot represent other prisoners in this court, though they may provide advice and assistance to their fellow inmates on their legal matters.  *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action.").  I do not believe the Court needs to address the potential class action now as the possibility exists that Plaintiffs could secure counsel in the future.  The Court can address the issue if Plaintiffs, pro se, move to certify a class.