UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SWAIN, et al., ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> MAINE DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> Defendants ) | 1:20-cv-00449-JDL |

**RECOMMENDED DECISION ON
PLAINTIFFS' MOTION TO CERTIFY CLASS**

Plaintiffs, three inmates at the Maine State Prison, ask the Court to certify a class of plaintiffs in this action in which Plaintiffs assert various claims related to their conditions of confinement at the prison. (Motion to Certify, ECF No. 84.) I recommend the Court deny the motion without prejudice.

### DISCUSSION

Plaintiffs ask the Court to certify a class of more than fifty other prisoners. (Motion, at 1.) None of the plaintiffs, however, can assert a claim on behalf of other individuals. "The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, none of the plaintiffs can represent other prisoners in this court, though they may provide advice and assistance to their fellow inmates on their

legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009). Furthermore, "a class can only be represented by counsel who is competent to do so." *McMann v. Baker*, Civil No. 18-11550-LTS, 2019 WL 1333272, at *2 (D. Mass. Mar. 25, 2019); *see also*, *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."); *Murphy v. Baker*, Civil No. 19-12481-PBS, 2020 WL 3420632, at *1 (D. Mass. June 22, 2020) ("pro se plaintiffs cannot act as class representatives."). Plaintiffs, therefore, cannot prevail on their motion to certify a class.

Plaintiffs' request to certify a class also fails because Plaintiffs have not otherwise satisfied the requirements for class certification. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If these conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule. Fed. R. Civ. P. 23(b).[1]

---

[1] Federal Rule of Civil Procedure 23(b) provides:

While Plaintiffs have made certain allegations to attempt to comply with Rule 23 (i.e., "claims of the representative parties (named Plaintiffs) are typical of the claims of the entire class"), Plaintiffs have not provided a factual record for the Court to assess whether the certification of a class is warranted. Rule 23 imposes more than "a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 – 52 (2011). The movant must "be prepared to prove" that each of the Rule 23(a) requirements is met "in fact," *id.*, and "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).[2]

---

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:
   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   (D) the likely difficulties in managing a class action.

[2] Not only have Plaintiffs failed to establish through record evidence that class certification is warranted, the record suggests that at least one of the plaintiffs does not wish to pursue a class action. Although

Finally, before the Court would consider a motion to certify a class, the Court would allow Defendants the opportunity to be heard on the motion. Because Plaintiffs' amended complaint is currently subject to a review in accordance with 28 U.S.C. §§ 1915 and 1915A, Defendants have not been served with the amended complaint.[3] Plaintiffs' motion, therefore, is premature.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny without prejudice Plaintiffs' motion to certify a class.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of September, 2021.

---

Plaintiff Swain signed the motion, counsel recently entered an appearance on his behalf and represented to the Court that Plaintiff Swain intended to file "an amended complaint on his behalf only" and to move "to sever his claims from those of the other plaintiffs in this lawsuit." (Motion to Extend Time, ECF No. 78.)

[3] On September 2, 2021, I recommended the Court dismiss certain claims and defendants, but permit Plaintiffs to proceed on other claims. (Recommended Decision, ECF No. 75.)  Plaintiffs objected to the recommended decision. (Objection, ECF No. 81.)  The recommended decision and objection are pending.