UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SWAIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON THE RECOMMENDED DECISIONS OF THE MAGISTRATE JUDGE AND THE PLAINTIFFS' OBJECTIONS**

Plaintiffs Zachary Swain, Nicholas Gladu, and Anthony Hardy, who are all incarcerated at the Maine State Prison and who are all proceeding pro se, challenge the conditions of their confinement (ECF No. 68) under federal and state law. The Defendants are the Maine Department of Corrections ("MDOC"); Wellpath, LLC, which provides health care services to prisoners; and individuals associated with these two entities. Magistrate Judge John. C. Nivison reviewed the First Amended Complaint, *see* 28 U.S.C.A. § 1915A(a) (West 2021); 28 U.S.C.A. § 1915(e)(2) (West 2021), and filed his Recommended Decision (ECF No. 75) with the Court on September 2, 2021, *see* 28 U.S.C.A. § 636(b)(1)(B) (West 2021); Fed. R. Civ. P. 72(b), recommending that the Court permit the Plaintiffs to proceed, with a few exceptions for certain claims and certain Defendants. The Plaintiffs filed an Objection (ECF No. 81) on September 16, 2021.

1

Magistrate Judge Nivison filed a second Recommended Decision (ECF No. 86) on September 30, 2021, recommending that the Court deny without prejudice the Plaintiffs' Motion to Certify a Class (ECF No. 84). Plaintiff Gladu filed an Objection (ECF No. 91) on October 15, 2021.

Additional objections to Magistrate Judge Nivison's non-dispositive orders are also outstanding. *See* Fed. R. Civ. P. 72(a). Plaintiff Gladu objects (ECF No. 74) to orders (ECF Nos. 72, 73) denying without prejudice his Motion for Expedited Service (ECF No. 69) and his Motion for Issuance of Subpoena (ECF No. 71). Plaintiff Gladu similarly objects (ECF Nos. 98, 101) to two additional orders (ECF Nos. 89, 94) denying without prejudice a second Motion for Service (ECF No. 93) and a second Motion for Issuance of Subpoena (ECF No. 82). Plaintiff Gladu also objects (ECF No. 90) to an order (ECF No. 85) granting in part his Motion to Supplement the Motion to Appoint Counsel (ECF No. 83). Lastly, Plaintiff Gladu objects (ECF No. 63) to an order (ECF No. 54) denying his Motion for Order to Show Cause (ECF No. 53).

## I. FIRST AMENDED COMPLAINT

In the Recommended Decision (ECF No. 75) on the First Amended Complaint (ECF No. 68), Magistrate Judge Nivison largely recommends that the Court permit the Plaintiffs to proceed. However, he recommends that the Court dismiss the Plaintiffs' claims under the Americans with Disabilities Act and the Rehabilitation Act as to all Defendants except MDOC because the Plaintiffs' claims are cognizable against public entities only. Next, he recommends that the Court dismiss the § 1983 and state-law damages claims against MDOC because of Maine's sovereign

immunity. Finally, he recommends the dismissal of all claims against Defendants Randall Liberty, Ryan Thornell, Daniel Ritter, and John Newby, citing the absence of any allegations supporting plausible claims against them.

The Plaintiffs object (ECF No. 81) to that last recommendation, arguing that the complaint's allegations suffice under the liberal pleading standard for pro se litigants. "[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." *Sch. Union No. 37 v. United Nat'l Ins. Co.*, 617 F.3d 554, 564 (1st Cir. 2010) (quoting *Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271, 275 (1st Cir. 1988)).

I accept Magistrate Judge Nivison's Recommended Decision (ECF No. 75) as to the Americans with Disabilities Act, Rehabilitation Act, § 1983, and state-law damages claims because the Plaintiffs do not object. The Plaintiffs do object to Magistrate Judge Nivison's recommendation that the Court dismiss all claims against Defendants Randall Liberty, Ryan Thornell, Daniel Ritter, and John Newby, so I have analyzed that issue de novo. I concur with the Recommended Decision for the reasons stated therein with one exception: The First Amended Complaint has stated a plausible claim for relief against Randall Liberty, the Commissioner of MDOC, in his official capacity only, for violation of the Eighth Amendment. The Plaintiffs sue Commissioner Liberty in his official capacity and allege that the practice of disciplining mentally ill prisoners by placing them in solitary confinement constitutes cruel and unusual punishment. The Plaintiffs seek, among other relief,

3

an "injunction requiring MDOC to[] modify disciplinary rules to accommodate for erratic behaviors of psychiatric or developmentally disabled prisoners[;] modify isolation practices[; and] provide mental[ly] ill prisoners with mental health services to intervene, re-direct, and de-escalate situations caused by disability related behaviors rather than punishing them with solitary confinement," as well as a declaration that the Plaintiffs' long-term and ongoing solitary confinement violates the Eighth Amendment. ECF No. 68 at 40. Reading the First Amended Complaint liberally, the Plaintiffs have stated claims for prospective injunctive and declaratory relief against the Commissioner's office notwithstanding the absence of allegations of personal misconduct by Commissioner Liberty. *See Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 477-78 (1st Cir. 2009) ("While a state may not be sued directly absent its own consent, the *Ex Parte Young* doctrine permits suits to proceed against state officers in their official capacities to compel them to comply with federal law." (citing *Ex Parte Young*, 209 U.S. 123 (1908))). Accordingly, the Eighth Amendment claims against Commissioner Liberty in his official capacity should not be dismissed.

## II. MOTION TO CERTIFY A CLASS

In the Recommended Decision (ECF No. 86) on the Motion to Certify a Class (ECF No. 84), Magistrate Judge Nivison recommends that the Court deny without prejudice the Plaintiffs' motion for three reasons: (1) pro se litigants cannot serve as class counsel; (2) the Plaintiffs have not yet created a factual record that would allow the Court to assess whether a class should be certified; and (3) the motion is premature because the Defendants have not been served. Plaintiff Gladu's Objection

(ECF No. 91) addresses the third reason by arguing that the Plaintiffs are not at fault for the fact that the Court has not yet served the Defendants.

I have also reviewed and considered the Recommended Decision (ECF No. 86), together with the entire record, and have made a de novo determination of all matters adjudicated by Magistrate Judge Nivison. I concur with his recommendations for the reasons set forth in his Recommended Decision (ECF No. 86) and determine that no further proceedings are necessary.

### III. MOTIONS FOR SERVICE AND FOR ISSUANCE OF SUBPOENAS

Magistrate Judge Nivison twice denied without prejudice (ECF Nos. 72, 94) Plaintiff Gladu's motions for service (ECF Nos. 69, 93) of the First Amended Complaint. Magistrate Judge Nivison reasoned that service would be inappropriate before the Court determines whether the Plaintiffs may proceed with their claims. Plaintiff Gladu objected (ECF Nos. 74, 101), citing his need to obtain relief and the prejudice of allowing evidence to become stale.

Magistrate Judge Nivison has similarly denied without prejudice (ECF Nos. 73, 89) two motions by Plaintiff Gladu for the issuance of subpoenas (ECF No. 71, 82) because the Court had not yet finished screening the First Amended Complaint. In his objections (ECF Nos. 74, 98), Plaintiff Gladu argues that he should be able to begin gathering evidence from non-parties and that the screening process has taken too long.

I have reviewed and considered Magistrate Judge Nivison's four orders, together with the entire record. I concur with his orders for the reasons set forth therein.

### IV. MOTION TO SUPPLEMENT THE MOTION TO APPOINT COUNSEL

Magistrate Judge Nivison granted in part (ECF No. 85) Plaintiff Gladu's Motion to Supplement the Motion to Appoint Counsel (ECF No. 83), which sought to supplement the Motion to Appoint Counsel (ECF No. 10) to include three letters from lawyers declining to provide representation. Magistrate Judge Nivison allowed Plaintiff Gladu to supplement the prior motion but did not disturb his earlier decision denying without prejudice (ECF No. 13) the Motion to Appoint Counsel. Plaintiff Gladu objects (ECF No. 90), arguing that exceptional circumstances justify the appointment of counsel.

I have reviewed and considered Magistrate Judge Nivison's order, together with the entire record. I concur with his order because, as I noted in my prior order (ECF No. 37), Magistrate Judge Nivison did not appoint counsel primarily because the Court "ha[d] not completed its initial review of the matter." ECF No. 13 at 2. Now that the Court has concluded that this matter can proceed, the Plaintiffs may renew their motion.

### V. MOTION FOR ORDER TO SHOW CAUSE

Plaintiff Gladu filed a combined Motion for Order to Preserve Evidence and Motion for Order to Show Cause (ECF No. 53) alleging the destruction of evidence. Magistrate Judge Nivison entered an order reminding the Defendants "of a party's

obligation to preserve evidence that might be relevant to a claim." ECF No. 54. In his Objection (ECF No. 63), Plaintiff Gladu contends that the Court should also require the Defendants to answer whether the evidence in question was destroyed intentionally, relief that he did not request in his original motion.

I have reviewed and considered Magistrate Judge Nivison's order, together with the entire record. I concur with his order, which was appropriate given the relief that Plaintiff Gladu has requested.

## VI. CONCLUSION

It is therefore **ORDERED** that the Recommended Decision (ECF No. 75) of the Magistrate Judge is hereby **ACCEPTED in part** and **DENIED in part**. The Plaintiffs may proceed with the First Amended Complaint, including the Eighth Amendment claims for injunctive and declaratory relief against Defendant Randall Liberty in his official capacity. However, it is further **ORDERED** that the Americans with Disabilities Act and Rehabilitation Act claims as to all Defendants except the Maine Department of Corrections; the § 1983 and state-law damages claims against the Maine Department of Corrections; all claims against Defendant Randall Liberty in his personal capacity; and all claims against Defendants Ryan Thornell, Daniel Ritter, and John Newby are **DISMISSED**.

It is also **ORDERED** that the Recommended Decision (ECF No. 86) of the Magistrate Judge is hereby **ACCEPTED**. The Plaintiffs' Motion to Certify a Class (ECF No. 84) is **DENIED without prejudice**.

Plaintiff Gladu's objections to the non-dispositive orders (ECF No. 63, 74, 90, 98, 101) are **DENIED**.[1]

**SO ORDERED.**

**Dated this 2nd day of December, 2021.**

                                                  /s/ Jon D. Levy
                                       **CHIEF U.S. DISTRICT JUDGE**

---

[1] Plaintiff Swain has also filed a Motion to Sever (ECF No. 88), as well as a Motion to Dismiss (ECF No. 100). These motions will be addressed separately.