UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GLADU, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|         v. | ) 1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER SUSTAINING OBJECTION**

Plaintiffs Nicholas Gladu and Anthony Hardy, who are incarcerated at the Maine State Prison and proceeding pro se, challenge the conditions of their confinement (ECF No. 68) under federal and state law, on behalf of themselves and a putative class of prisoners who have been allegedly subjected to or threatened with long-term isolation despite serious mental illness. The Defendants are the Maine Department of Corrections; Wellpath, LLC, which provides health care services to prisoners; and individuals associated with these two entities. This action was brought originally by Gladu and Hardy, as well as four other named prisoners who have since been terminated from this litigation (ECF Nos. 52, 66, 105).

The six original named plaintiffs filed a Motion to Appoint Counsel (ECF No. 10) in December 2020. The motion asserted that it was appropriate to appoint counsel because of the complexity of the case, the plaintiffs' segregation placements, their limited access to the prison's law library, their severe mental illness, and their inability to retain counsel through other means. Magistrate Judge John C. Nivison denied the motion without prejudice because, at that early stage of the litigation, "the

Court does not have sufficient information to determine whether all the plaintiffs can proceed in forma pauperis and has not completed its initial review of the matter" with respect to whether the complaint could move forward. ECF No. 13 at 2. I subsequently denied (ECF No. 37) Gladu's objection (ECF No. 32) to the denial.

Gladu moved to supplement (ECF No. 83) the Motion to Appoint Counsel in September 2021, seeking to add to the record three letters from lawyers and legal organizations that had declined to provide representation. Magistrate Judge Nivison allowed Gladu to supplement the prior motion but did not disturb his earlier decision denying without prejudice the Motion to Appoint Counsel (ECF No. 85). I denied (ECF No. 104) Gladu's objection (ECF No. 90) to that decision. In the same order (ECF No. 104), I accepted in part and denied in part Magistrate Judge Nivison's Recommended Decision on the First Amended Complaint (ECF No. 75), allowing a subset of the claims to proceed against a subset of the Defendants.

Gladu subsequently filed a Renewed Motion to Appoint Counsel for himself and Hardy "for the reasons stated and good cause shown in their previous request." ECF No. 111 at 1. Magistrate Judge Nivison denied the motion, "discern[ing] no reason to reconsider [his] prior orders denying Plaintiff's motions to appoint counsel" and because Gladu cannot request relief for Hardy. ECF No. 113. Gladu objects (ECF No. 114), arguing that he had set forth a sufficient rationale for the appointment of counsel.

From the record before me, I cannot discern the extent to which the denial of the Renewed Motion to Appoint Counsel rests on an evaluation of the specific grounds asserted by Gladu in his original motion to appoint counsel, which was initially

2

denied in part because, at that point, the Court had not completed its initial review of the complaint. Therefore, this matter is best remanded so that the Magistrate Judge can specifically address whether exceptional circumstances exist for the appointment of counsel based on the allegations made in the amended complaint and the original motion to appoint counsel.

Accordingly, Plaintiff Gladu's Objection (ECF No. 114) is **SUSTAINED**, and the Renewed Motion to Appoint Counsel (ECF No. 111) is **REMANDED** to Magistrate Judge Nivison for further proceedings.

**SO ORDERED.**

**Dated:  February 10, 2022**

                                                                **/s/ JON D. LEVY**
                                          **CHIEF U.S. DISTRICT JUDGE**