UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GLADU, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF NICHOLAS GLADU'S
MOTION TO APPOINT COUNSEL**

Plaintiff Nicholas Gladu asks the Court to appoint counsel to represent him in this matter. (Motion, ECF No. 111.) The motion is Plaintiff's third request for the appointment of counsel. In support of his request for counsel, Plaintiff incorporates the bases he cited in his prior motions, which bases include his lack of relevant knowledge, his limited access to legal materials, his inability to secure counsel, and his segregation in the Maine State Prison. (Motions, ECF Nos. 10, 83, 111.)

I previously denied the pending motion and Plaintiff's two prior requests for counsel. (Orders, ECF Nos. 13, 85, 113.) When I denied Plaintiff's first motion, I reasoned in part that the Court had not completed an initial review of the complaint in accordance with 28 U.S.C. § 1915.[1] (Order at 2, ECF No. 13.) In the motion currently before me,

---

[1] Plaintiff Gladu was one of six original plaintiffs who sought to assert a class action. In the order denying the appointment of counsel, I also noted that I did not have sufficient information to determine whether all the plaintiffs could proceed in forma pauperis. (Order at 2, ECF No. 13.)

Plaintiff writes that he believes the appointment of counsel for each named plaintiff is warranted "for the reasons stated and good cause shown in their prior requests." (Motion at 1.) On this request and the other request Plaintiff filed after the denial of the first motion, I found that Plaintiff had not provided information that caused me to reconsider the order denying his first request for counsel. (Orders, ECF Nos. 85, 113.)

On Plaintiff's objection to the order on this motion, the Court concluded it could not discern the basis of the denial and remanded the motion for further consideration. (Order, ECF No. 134.) The Court was uncertain whether the denial was based on an evaluation of the grounds asserted by Plaintiff in his original motion, which denial occurred before the Court had completed its initial review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915. An initial review was appropriate because Plaintiff requested and was granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e). Following the initial review, the Court permitted Plaintiff to proceed on some, but not all, of the claims he asserted.

Plaintiff's request for counsel is governed by 28 U.S.C. § 1915(e)(1), which provides, "[t]he court may request an attorney to represent any person unable to afford counsel." Notably, the statute allows a court to "request" that an attorney represent an indigent litigant, but the statute does not authorize a court to require an unwilling attorney to represent an indigent litigant in a civil case. *Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa*, 490 U.S. 296 (1989).[2] As this Court has recognized, the merits of a claim and

---

[2] In *Mallard*, the Supreme Court did not "express an opinion on the question whether the federal courts have the inherent authority to require lawyers to serve" as counsel in a civil case without compensation. *Mallard*, 490 U.S. at 310.

2

lack of funds for counsel are factors for a court to consider in the assessment of a motion to appoint counsel:

> Although the court is authorized to request a lawyer to represent an indigent prisoner under 28 U.S.C. § 1915(e)(1), there are no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses. As a result, such appointments occur very rarely, being saved for cases that appear to have some chance of success."

*Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007) (Hornby, J.); *see also*, *DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991) ("a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.")

Here, we have only Plaintiff's allegations to assess. Defendants have not yet answered Plaintiff's amended complaint. The Court's determination that after an initial review, Plaintiff can proceed does not address the merits of Plaintiff's claim. The assessment is simply that Plaintiff has alleged enough facts to state an actionable claim. *See Cookish v. Cunningham*, 787 F.2d 1, 2–3 (1st Cir. 1986) ("That the plaintiff has alleged sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel"). With only the allegations in a complaint, a court is thus limited in its ability to assess the merits. For that reason, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, 2017 WL 11490775, at *1 (E.D. Mich. March 14, 2017); *see also*, *Delgiudice v. Primus*, 679 F. App'x 944, 947 (11th Cir. 2017) (approving denial of request "early in the proceedings" and granted request several months before trial when especially complex issues including discovery arose); *Clark v. Gardner*, 256 F. Supp. 3d 154, 171 (N.D.N.Y. 2017) (denying

request but inclined to appoint counsel "if this case survives a dispositive motion"). Another relevant factor also militates against appointment on the current record. To date, Plaintiff has demonstrated that he understands the litigation process and has alleged sufficient facts to proceed beyond the Court's initial review.

After a review of Plaintiff's amended complaint and the current record, I do not find Plaintiff's claim to present the "exceptional circumstances" that warrant the appointment of counsel. *DesRosiers*, 949 F.2d at 23. I therefore deny Plaintiff's motion to appoint counsel.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2022.