UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF ANTHONY HARDY'S
MOTION TO APPOINT COUNSEL**

Plaintiff Anthony Hardy asks the Court to appoint counsel to represent him in this matter. Plaintiff maintains that the appointment of counsel is warranted because he has no experience with and lacks understanding of the law, and the matter is extremely complex. (Motion, ECF No. 153.)

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). While the statute allows a court to "request" that an attorney represent an indigent litigant, but the statute does not authorize a court to require

an unwilling attorney to represent an indigent litigant in a civil case. *Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa*, 490 U.S. 296 (1989).[1]

The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24.  This Court has recognized that the merits of a claim and the Court's lack of funds for counsel are significant factors for a court to consider in the assessment of a motion to appoint counsel:

> Although the court is authorized to request a lawyer to represent an indigent prisoner under 28 U.S.C. § 1915(e)(1), there are no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses.  As a result, such appointments occur very rarely, being saved for cases that appear to have some chance of success."

*Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007) (Hornby, J.); *see also*, *DesRosier,* 949 F.2d at 24 ("a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.")

With only the allegations in the complaint to assess, a court's ability to assess the merits of a claim is difficult to assess.  For that reason, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, 2017 WL 11490775, at *1 (E.D. Mich. March 14, 2017); *see also*, *Delgiudice v. Primus*, 679 F. App'x

---

[1] In *Mallard*, the Supreme Court did not "express an opinion on the question whether the federal courts have the inherent authority to require lawyers to serve" as counsel in a civil case without compensation. *Mallard*, 490 U.S. at 310.

944, 947 (11th Cir. 2017) (approving denial of request "early in the proceedings" and granted request several months before trial when especially complex issues including discovery arose); *Clark v. Gardner*, 256 F. Supp. 3d 154, 171 (N.D.N.Y. 2017) (denying request but inclined to appoint counsel "if this case survives a dispositive motion").

Because at this stage of the proceedings the Court cannot determine the merit of Plaintiff's claim or that Plaintiff's individual claim is of the complexity that would require the appointment of counsel, the Court cannot conclude that the case presents the "exceptional circumstances" necessary to warrant the appointment of counsel. The Court, therefore, denies the motion without prejudice.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of March, 2022.