UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR HEARING ON SPOLIATION CLAIMS**

Plaintiff Gladu alleges that Defendants conspired to arrange for a psychological evaluation designed to change or refute his Autism Spectrum Disorder diagnosis. Plaintiff evidently believes the evaluation and the results of the evaluation constitute the spoliation of evidence. Plaintiff moves for a hearing on the spoliation issue. (Motion, ECF No. 155.)

"[T]he party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012). Regardless of the validity of the evaluation and its results, Plaintiff has not demonstrated that any evidence has been destroyed or not preserved. At a later stage in the proceedings and in accordance with court rules, Plaintiff might be able to challenge the evaluation and its results, but Plaintiff has presented no evidence to support a spoliation claim. The Court, therefore, discerns no reason to conduct a hearing on Plaintiff's spoliation claim and denies Plaintiff's motion.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of June, 2022.