UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION TO APPOINT EXPERT WITNESSES

Plaintiffs ask the Court to appoint several experts to assist in the Court's assessment of the impact on Plaintiffs of the alleged extended placement in solitary confinement and of Plaintiffs' contention that Defendants have not devoted enough mental health resources for prisoners placed in solitary confinement. (Motion, ECF No. 164.)  Plaintiffs rely upon Federal Rule of Evidence 706 in support of their request.

Rule 706 authorizes the court to "order the parties to show cause why expert witnesses should not be appointed" and to "appoint someone who consents to act" in that capacity.  Fed. R. Evid. 706(a).  In a civil case, the court may require the parties to compensate the expert "in the proportion and at the time that the court directs," with the cost being charged like other costs at the conclusion of the case.  Fed. R. Evid. 706(c)(2). A court has "broad discretion" when determining whether to appoint an expert witness. *Stones v. McDonald,* 7 F. Supp. 3d 422, 431 (D. Del. 2014).

Rule 706 is typically employed by courts to appoint an independent, or neutral expert.  *See*, *e.g.*, *id.* at 431 – 32; *Griffin v. Hillsborough Cnty. Dep't of Corr.*, No. 1:13-

CV-00539-SM, 2015 WL 3970291, at *3 (D.N.H. June 30, 2015).  Appointment of an expert is the exception rather than the rule.  Particularly in the context of prisoner litigation pursuant to 28 U.S.C. § 1915, courts should appoint an expert sparingly given the considerable expense that would otherwise be imposed on governmental defendants due to the volume of such cases.  *Ezzard v. Ajibade*, No. 3:14-cv-00141, 2015 WL 5838494, at *1 (S.D. Ga. Oct. 5, 2015); *Thomas v. Antipov*, No. 2:11-cv-01138, 2013 WL 6086765, at *3 (E.D. Cal. Nov. 19, 2013).

While Plaintiffs characterize the proposed experts as neutral, Plaintiffs in essence seek experts to assist Plaintiffs in the proof of their case.  Furthermore, at this stage of the proceeding, the Court cannot conclude that court-appointed experts under Rule 706 are necessary.  The Court, therefore, denies the motion.

## <u>NOTICE</u>

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of June, 2022.

2