UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND REQUEST FOR HEARING**

Plaintiff Gladu, an inmate at the Maine State Prison, asks the Court to schedule a hearing to determine whether injunctive relief is warranted to address the Maine Department of Corrections' alleged failure to provide inmates assigned to the special management unit of the prison with certain "basic necessities" of life. (Motion, ECF No. 169.) Plaintiff seeks a temporary restraining order and a preliminary injunction. (Memorandum, ECF No. 169-3.) I recommend the Court deny the motion.

DISCUSSION

Generally, the distinction between a temporary restraining order and a preliminary injunction is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an

extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)).  By rule, a temporary restraining order requires a finding that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Plaintiff claims he has been deprived of items necessary to eat his meals and maintain his hygiene. Plaintiff's claim is governed by the Eighth Amendment. *Helling v. McKinney,* 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).

Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970).  Cruel and unusual

punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The record Plaintiff has provided in support of his request for injunctive relief consists of his verified amended complaint and the declarations of two other individuals (Ryan Lane and Roscoe Sargent) who have been assigned to the SMU. The principal focus of Plaintiff's request for injunctive relief is the MDOC's alleged practice regarding eating utensils. Plaintiff and the declarants assert that they are not provided with a new eating utensil with each meal. (Second Amended Complaint ¶ 74(j), ECF No. 162-1; Declaration of Ryan Lane, ECF No. 192; Declaration of Roscoe Sargent, ECF No. 191.) Rather, they are required to use the same plastic utensils for an extended period. (*Id*.) As a result, the utensils become discolored and difficult to clean. (*Id*.)

The lack of an eating utensil does not necessarily constitute a constitutional violation. *See e.g., Custard v. Armijo*, No. 15-cv-00448-GPG, 2015 WL 2407103, at *5 (D.Col. May 19, 2015) ("the lack of an eating utensil for two months does not, by itself, suggest a sufficiently serious condition to satisfy the objective prong of a conditions-of-confinement claim"); *Powell v. Harrington*, 2015 WL 1407384, at *3 (W.D.Ky. Mar. 26, 2015) ("the lack of a cup to drink or utensils to eat with also does not rise to the level of a constitutional violation"); *Murphy v. Cobb County Adult Detention Center*, No. 1:06-CV-3149-TCB, 2007 WL 1020798, at *3 (N.D.Ga. Mar. 30, 2007) ("Plaintiff's claim regarding the alleged deprivation of an eating utensil with his meals does not implicate the minimal civilized measures of life's necessities"); *Martin v. Lane*, 766 F. Supp. 641, 648 (N.D.Ill.

1991) (Eighth Amendment claim based on lack of eating utensils "not actionable"). Even if the lack of an eating utensil could constitute a constitutional violation under certain circumstances, Plaintiff has not demonstrated that he is likely to prevail on his Eighth Amendment claim based on Defendants' failure to provide a new utensil with each meal. In addition, to the extent Plaintiff's request for injunctive relief is based on Defendants' failure to provide items necessary to maintain his hygiene, Plaintiff has presented no corroborating evidence and he has not otherwise demonstrated a likelihood of success on the merits.

"The sine qua non of th[e] four-part inquiry [for injunctive relief] is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Because Plaintiff has not presented sufficient evidence to establish that he is likely to prevail on his Eighth Amendment claim based on the lack of certain items for eating and hygiene, Plaintiff is not entitled to the injunctive relief he requests.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for injunctive relief and his request for a hearing on the motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 23rd day of June, 2022.