UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GLADU, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|          v. | )   1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON PLAINTIFF GLADU'S OBJECTION**

Plaintiff Nicholas Gladu, who is incarcerated at the Maine State Prison and proceeding pro se, challenges the conditions of his confinement (ECF No. 68) under federal and state law. The Defendants are the Maine Department of Corrections; Wellpath, LLC, which provides health care services to prisoners; and individuals associated with these two entities.

Gladu requested the Court to authorize the issuance of two subpoenas (ECF No. 112) to two non-parties, seeking all written or recorded statements made by certain defendants addressing solitary confinement and other conditions of confinement within the Maine Department of Corrections. Magistrate Judge John C. Nivison denied Gladu's motion without prejudice (ECF No. 178) because the Court had not yet issued a scheduling order authorizing discovery and would do so only after ruling on two pending dispositive motions. Magistrate Judge Nivison did, however, establish a process for authorizing early discovery upon a showing of good cause, and he also ordered certain defendants to indicate whether they have access to and would be able to secure for production the materials that Gladu is seeking.

Gladu filed an objection (ECF No. 188) in which he appears to misconstrue Magistrate Judge Nivison's order as mandating that Gladu rely exclusively on the materials produced in response to the order as his evidence of the relevant statements.

Pursuant to Federal Rule of Civil Procedure 72(a), I "must consider timely objections and modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C.A. § 636(b)(1)(A) (West 2022); *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333, 2014 WL 1203244, at *1 (D. Me. Mar. 24, 2014) ("When the Magistrate Judge issues an order on a non-dispositive matter, the Court reviews factual findings for clear error and legal findings de novo."). Having reviewed Judge Nivison's factual determinations for clear error and his legal determinations de novo, together with the entire record, I find no error in his factual and legal determinations.

Accordingly, Gladu's Objection (ECF No. 188) is **DENIED**.

**SO ORDERED.**

**Dated: July 7, 2022**

                                                /s/ JON D. LEVY
                                      **CHIEF U.S. DISTRICT JUDGE**