# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS GLADU, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:20-cv-00449-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Nicholas Gladu, who is incarcerated at the Maine State Prison and proceeding pro se, challenges the conditions of his confinement (ECF No. 162-1) and moves for a hearing (ECF No. 169) on whether a temporary restraining order and preliminary injunction should be issued to address the same. United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 204) on the motion with the Court on June 23, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b). Gladu filed an objection (ECF No. 212) on July 5, 2022.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

Additionally, Gladu's objection raises a due process argument that I do not consider because it was not contained within his original motion, which instead focused on the Eighth Amendment.[1]  "Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'"  *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).  "The Court of Appeals for the First Circuit has written, '[w]e hold categorically that an unsuccessful party is not entitled as of right to de novo review by a judge of an argument never seasonably raised before the magistrate.'"  *Cain v. Tzovarras*, 1:20-cv-00070, 2021 WL 144244, at *1 (D. Me. Jan. 15, 2021) (alteration in original) (quoting *Guillemarde-Ginorio v. Contreras-Gómez*, 490 F.3d 31, 37 (1st Cir. 2007)).

It is therefore **ORDERED** that the Recommended Decision (ECF No. 204) of the Magistrate Judge is hereby **ACCEPTED**.  Gladu's Motion for Hearing on Temporary Restraining Order and Preliminary Injunction (ECF No. 169) is **DENIED**.

**SO ORDERED.**                                    Dated: August 9, 2022

                                        /s/ JON D. LEVY
                                        **CHIEF U.S. DISTRICT JUDGE**

---

[1] If Gladu's due process argument had been presented in his original motion, it would not support the granting of relief due to the nature of the deprivation alleged.  *See Burr v. Bouffard*, No. 1:20-cv-00206, 2021 WL 311861, at *10 (D. Me. Jan. 29, 2021) ("[T]he Supreme Court recognized that 'States may under certain circumstances create liberty interests which are protected by the Due Process Clause,' but held that 'these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995))), *report and recommendation adopted*, 2021 WL 799297 (Mar. 2, 2021).