UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:20-cv-00449-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION ON MOTION
### FOR PRELIMINARY INJUNCTION

Plaintiff Gladu moves for a preliminary injunction requiring Defendants to arrange for a neuropsychological evaluation for Plaintiff. (Motion, ECF No. 227.) I recommend the Court deny Plaintiff's motion.

**FACTUAL BACKGROUND**

Plaintiff contends that in July 2020, James Fine, M.D. determined that Plaintiff should undergo a complete neuropsychological evaluation, but Defendants have not arranged for the evaluation. He maintains that Defendants failed to arrange for the evaluation after they learned of this litigation.

The Wellpath Defendants attempted to arrange the evaluation, but due to a limited number of providers to perform the evaluation and Plaintiff's failure to provide necessary medical authorizations, there have been delays in scheduling the evaluation. Plaintiff represents that his failure to provide the authorizations was due to concerns related to state court criminal proceedings. (Plaintiff Declaration ¶¶ 4-5.) The Wellpath Defendants and

the Maine Department of Corrections Defendants represent that in May 2022, the Maine Department of Corrections transported Plaintiff to a court-ordered neuropsychological evaluation in connection with other proceedings.

## DISCUSSION

Although the relief Plaintiff seeks in his amended complaint does not appear to include a request for a neuropsychological evaluation, because he alleges in the amended complaint that Defendants have not appropriately considered Plaintiff's mental health care when developing and implementing some of their policies and practices, Plaintiff's request for injunctive relief is arguably sufficiently within the scope of Plaintiff's underlying claim to permit Plaintiff to seek preliminary injunctive relief in this case.

When evaluating a request for injunctive relief, a court "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)).

Regardless of whether the Court considers the likelihood of Plaintiff prevailing on his underlying claims or his specific argument in this motion (i.e., that Defendants should have but have not arranged for a neuropsychological evaluation), Plaintiff has not established that he is likely to prevail on his claim. Plaintiff has provided no record

evidence that would permit the Court to conclude that he is likely to prevail on any of the claims in his amended complaint.  In fact, his declaration focuses entirely on his request for a neuropsychological evaluation.  In addition, the record reveals that any delay in arranging the evaluation is at least as likely the product of Plaintiff's failure to cooperate with Defendants in arranging for the evaluation and circumstances beyond Defendants' control (e.g., the limited number of available providers competent to perform the evaluation) as it was the product of Defendants' deliberate effort to prevent the evaluation as Plaintiff asserts.  Plaintiff, therefore, has not established a likelihood of success on the merits.  "The sine qua non of [the] four-part inquiry [for injunctive relief] is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).  Because Plaintiff has not demonstrated a likelihood of success on the merits, there is no need to assess the other factors.  Plaintiff is not entitled to the injunctive relief he seeks.[1]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[1] If Defendants' assertion that Plaintiff was transported to a neuropsychological evaluation in May 2022 is accurate, Plaintiff's claim is arguably moot.  At a minimum, Plaintiff would be unable to establish irreparable harm.

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

        /s/ John C. Nivison
        U.S. Magistrate Judge

Dated this 30th day of September, 2022.