UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:20-cv-00449-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

## RECOMMENDED DECISION ON MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiff Gladu moves for a preliminary injunction to prevent Defendants from "us[ing food as a punishment." (Motion at 1, ECF No. 245.) I recommend the Court deny Plaintiff's motion.

### FACTUAL BACKGROUND

Plaintiff contends that in August 2022, the Department of Corrections Defendants hosted a barbeque for certain prisoners and staff members. He contends that the food was provided to Level 3 and 4 prisoners, but not to Level 1 and 2 prisoners. Plaintiff was evidently a Level 1 or 2 prisoner at the time. He contends that the food was in addition to the regular meals provided to the prisoners. Plaintiff maintains the failure to provide him with the additional food constitutes a deprivation of his constitutional rights and violates the Americans with Disabilities Act.

## DISCUSSION

When evaluating a request for injunctive relief, a court "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)).

Plaintiff has failed to provide any persuasive authority that would support a finding that providing prisoners who had attained a certain classification level in the prison with an additional meal on one occasion constitutes a constitutional violation or violates the Americans with Disabilities Act. Plaintiff, therefore, has not established a likelihood of success on the merits of his claim. "The sine qua non of [the] four-part inquiry [for injunctive relief] is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Because Plaintiff has not demonstrated a likelihood of success on the merits, there is no need to assess the other factors. Plaintiff is not entitled to the injunctive relief he seeks.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a preliminary injunction.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of October, 2022.