# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **NICHOLAS GLADU, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **1:20-cv-00449-JDL** |
| | ) | |
| **MAINE DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND *COK* WARNING

Plaintiffs Nicholas Gladu and Anthony Hardy are incarcerated in the Maine State Prison ("MSP") in Warren, Maine, and are proceeding pro se.  The Plaintiffs filed this action on December 2, 2020, against Defendants Maine Department of Corrections ("MDOC"), Wellpath LLC ("Wellpath"), and various prison officials and prison healthcare providers in their official and individual capacities, alleging claims related to the conditions of confinement in the prison's Special Management Unit ("SMU") (ECF No. 1).  A Motion to Amend the Complaint was filed on March 18, 2021 (ECF No. 40).  While the motion was pending, Gladu and Hardy refiled a Motion for Leave to File the Amended Complaint (ECF No. 62) after the other Plaintiffs had been dismissed from the case.[1]  With leave from the Court, Gladu and Hardy filed an Amended Complaint on June 30, 2021 (ECF No. 68).

---

[1] Plaintiff Robert Carroll was voluntarily dismissed on April 23, 2021 (ECF No. 52), and Plaintiffs Ryan Lane and Jacob Zernicki were dismissed from this case on June 18, 2021 (ECF No. 66).  Plaintiff Zachary Swain was voluntarily dismissed on December 2, 2021 (ECF No. 105).

Following a series of Recommended Decisions issued by Magistrate Judge John C. Nivison (ECF Nos. 75, 86) and Objections (ECF Nos. 81, 91), the Court allowed Plaintiffs' first Amended Complaint to proceed (ECF No. 104).   The Amended Complaint asserted Americans with Disabilities Act ("ADA") and Rehabilitation Act claims against the MDOC Defendants; Eighth Amendment claims for injunctive and declaratory relief against Defendant Randall Liberty in his official capacity; and various other claims against Wellpath and individual Defendants.   The following claims were ordered dismissed: all claims against Defendants Ryan Thornell, Daniel Ritter, and John Newby; all claims against Defendant Liberty in his personal capacity; and all section 1983 and state-law damages claims against the MDOC Defendants.

Plaintiffs then moved for leave to file a second Amended Complaint (ECF No. 139) on February 28, 2022, and filed another request with a Proposed Amended Complaint attached (ECF No. 162) on April 1, 2022.   They also sought to attach their previously filed exhibits to the amended complaint (ECF No. 163).   The proposed second Amended Complaint omits the state law claims asserted in the earlier complaints and alleges claims under the ADA, the Rehabilitation Act, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, adds a "Writ of Habeas Corpus for Unconstitutional Conditions of Confinement," adds a civil conspiracy claim pursuant to 42 U.S.C.A. § 1985 (West 2022), and requests "injunctive relief providing [Plaintiffs] with inpatient intensive mental health care and treatment."   ECF No. 162 at 2.

2

On March 7, 2022, following the Plaintiffs' Motion for Leave to File a Second Amended Complaint, the MDOC Defendants moved for summary judgment on all of Hardy's federal claims and moved to dismiss certain claims in the Amended Complaint (ECF No. 140).  The Defendants argue that (1) Hardy failed to exhaust the administrative remedies required under the Prison Litigation Reform Act; (2) Plaintiffs failed to state a claim for intentional infliction of emotional distress; and (3) Plaintiffs are statutorily barred from bringing their state law tort claims.  The MDOC Defendants also moved for judicial notice of three prison policies and the website profiles of both Plaintiffs pursuant to Fed. R. Evid. 201(b) (ECF No. 147).

The Wellpath Defendants separately moved to dismiss the Plaintiffs' Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (ECF No. 146), arguing that Plaintiffs have failed to comply with pre-litigation requirements under the Maine Health Securities Act and have failed to state a breach of contract claim.

Gladu also filed a Motion for Preliminary Injunction (ECF No. 227) on July 25, 2022, seeking to enjoin the Defendants to schedule a neurological evaluation for him. Gladu filed a second Motion for Preliminary Injunction on August 17, 2022, seeking to enjoin the MDOC Defendants from using food as a form of punishment or reward (ECF No. 245).

I proceed by first addressing Magistrate Judge John C. Nivison's Recommended Decision (ECF No. 196) on the Defendants' Motion for Partial Summary Judgment and Motions to Dismiss, followed by the Recommended

3

Decisions on Gladu's motions for preliminary injunctions. I then consider Gladu's objections to Judge Nivison's Orders on the non-dispositive motions.

## I. THE JUNE 8, 2022 RECOMMENDED DECISION

Judge Nivison filed his Recommended Decision (ECF No. 196) with the Court on June 8, 2022, *see* 28 U.S.C.A. § 636(b)(1)(B) (West 2022); Fed. R. Civ. P. 72(b). The recommended decision addresses the MDOC Defendants' Partial Motion for Summary Judgment and Motion to Dismiss (ECF No. 140), the Wellpath Defendants' Motion to Dismiss (ECF No. 146), the related Responses and Reply (ECF Nos. 152, 159, 160), *see* 28 U.S.C.A. § 1915A (West 2022), the Plaintiffs' proposed Second Amended Complaint (ECF No. 162), and the Defendants' Responses (ECF Nos. 157, 175, 177). Judge Nivison recommends that the Court (1) grant in part the MDOC Defendants' Motion for Summary Judgment but allow Hardy's section 1983 conditions of confinement based on unsanitary conditions claim to proceed; and (2) deny as moot the MDOC Defendants' Motion to Dismiss and the Wellpath Defendants' Motion to Dismiss because the Plaintiffs did not include the challenged state law claims in their Second Amended Complaint.

Judge Nivison also recommends that the Court grant Plaintiffs' motion for leave to file a second amended complaint, concluding that the Second Amended Complaint states an actionable habeas corpus claim, but that the Title III ADA claim against the Wellpath Defendants, the Eighth Amendment deliberate indifference claims against individual Wellpath Defendants, the section 1985 civil conspiracy claim, and Hardy's remaining federal claims would be futile. Gladu filed an Objection

4

(ECF No. 198) to Judge Nivison's Recommended Decision on June 21, 2022, requesting *de novo* review, with specific objections to Judge Nivison's findings on the ADA Title III claim, the civil conspiracy claim, and the dismissal of Hardy's federal claims for failure to exhaust administrative remedies.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of Judge Nivison regarding the dispositive motions for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary. Thus, Judge Nivison's Recommended Decision is accepted. I also affirm Judge Nivison's rulings on the non-dispositive motions addressed in the Recommended Decision.

I do, however, address Gladu's specific objections to Judge Nivison's conclusions about the futility of some of his claims in the Second Amended Complaint. First, Gladu argues that the Title III ADA claim against private healthcare provider Wellpath is actionable, citing two cases that found that private healthcare facilities constitute places of public accommodation for the purposes of a Title III ADA claim, *Hernandez v. Cnty. of Monterey*, 70 F. Supp. 3d 963 (N.D. Cal. 2014); *Abraham v. Corizon Health, Inc.*, 511 P.3d 1083 (Or. 2022). I concur with Judge Nivison that, despite these decisions, "the weight of authority" does not recognize private healthcare facilities as places of public accommodations. ECF No. 198 at 9-10. I rely on the controlling weight of authority, together with the established authority within the District of Maine, to conclude that Gladu does not have an actionable Title III

ADA claim against Wellpath as a private healthcare provider operating within the Maine State Prison. *See Gross v. Landry*, No. 2:17-cv-00297-LEW, 2019 WL 1270922 at *8-10 (D. Me. Mar. 19, 2019), *report and recommendation adopted*, 2019 WL 1756522 (D. Me. Apr. 19, 2019).

Second, a civil conspiracy claim pursuant to 42 U.S.C.A. § 1985 requires a plaintiff to provide "plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." *Alston v. Spiegel*, 988 F.3d 564, 578 (1st Cir. 2021) (quoting *Parker v. Landry*, 935 F.3d 9, 19 (1st Cir. 2019)). Here, Gladu's only support for a civil conspiracy claim is based on "information and belief," and his second Amended Complaint and Objection fails to provide more than a conclusory allegation that Dr. James Fine "conspired with other defendants (directly and/or indirectly) to fraudulently rule-out all of [his] long-standing mental health diagnoses." ECF No. 162-1 at 13; ECF No. 198 at 2.

And finally, Gladu argues that Hardy can vicariously rely on Gladu's exhaustion of administrative remedies and proceed with Hardy's section 1983 claims. Because Plaintiffs do not allege in their second amended complaint that they are members of a class in accordance with Fed. R. Civ. P. 23, and courts have only applied the doctrine of vicarious exhaustion to certified class actions, I concur with Judge Nivison's assessment that Hardy may not rely on Gladu's exhaustion of administrative remedies.

On the non-dispositive issues, Judge Nivison granted the MDOC Defendants' Motion for Judicial Notice of prison policies and Plaintiffs' website profiles, and

granted the Plaintiffs' motion regarding the attachment of exhibits to the second amended complaint.  I have reviewed and considered the record and affirm Judge Nivison's recommendations on these motions.

## II.  RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIONS

On July 25, 2022, Gladu moved for a preliminary injunction (ECF No. 227) to enjoin Wellpath and the MDOC Defendants to order a full neuropsychological evaluation of Gladu.  Gladu claims that Dr. Fine ordered an evaluation in July 2020 and that subsequently the Defendants delayed scheduling the evaluation to prevent Gladu from receiving serious mental health diagnoses, in violation of the Eighth Amendment, and to "unfairly and prejudicially influence litigation."  ECF No. 227-1 at 1.  Wellpath claims that the scheduling delays were a result of the COVID-19 pandemic and a shortage of providers, as well as Gladu's refusal to sign medical authorizations until February 7, 2022.  Wellpath also contends that Gladu received a court-ordered neuropsychological evaluation—related to other proceedings—in May 2022.

Judge Nivison recommends denying Gladu's request for a preliminary injunction (ECF No. 268) because Gladu has not shown a likelihood of success on the underlying claims in his Amended Complaint or his claim that "Defendants should have but have not arranged for a neuropsychological evaluation."  ECF No. 268 at 2.  Gladu objected (ECF No. 272) to the Recommended Decision, arguing that Judge Nivison prevented Gladu from submitting documentary evidence, which Gladu

claims "exists . . . but is merely outside of Plaintiff's possession."[2]  ECF No. 272 at

1.  Wellpath responded to Gladu's objection on October 25, 2022 (ECF No. 277).

Focusing specifically on whether Gladu is likely to prevail on the claim

presented in his motion, I concur with Judge Nivison that Gladu did not provide any

record evidence to support his claim, basing his declaration "[u]pon information and

belief" and failing to dispute the cause of scheduling delays or the occurrence of the

May 2022 evaluation.  ECF No. 227-1 at 1.  Furthermore, "[a] preliminary injunction

usually will be denied if it appears that the applicant has an adequate alternate

remedy in the form of . . . other relief."  11A Charles Alan Wright, Arthur R. Miller &

May Kay Kane, Federal Practice and Procedure § 2948.1 (3d ed. 2022).  Here, as noted

in Wellpath's response to the motion, Gladu may share the results of the May 2022

evaluation with Wellpath if he believes that the results are critical to his mental

health treatment.[3]

Gladu has also not shown a likelihood of success on the merits of his Eighth

Amendment claim, and it is doubtful that additional documentary evidence would

increase the likelihood of success.  An Eighth Amendment violation requires a party

---

[2] It is not clear what documentary evidence Gladu is referring to other than his medical records (which, according to Wellpath, he has had access to since August 2, 2022).  Gladu also claims that Judge Nivison improperly "assigns more credibility to Defendant Wellpath's unsworn opposition."  ECF No. 272 at 1.  "The decision to grant or deny a preliminary injunction is a matter for the discretion of the district court." *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981) (quoting *Charles v. Carey*¸ 627 F.2d 772, 776 (7th Cir. 1980)).  Because Gladu has not met his burden of showing a likelihood of success on the merits and provided only conclusory allegations based upon information and belief, which Wellpath's pleadings have disputed, Gladu's argument that Judge Nivison gave improper weight to Wellpath's response is immaterial.

[3] Gladu states that "contrary to Defendant Wellpath's claim, Wellpath did not arrange for or request or participate in any way in the neuropsychological evaluation of Gladu that took place in or about May 2022."  ECF No. 272 at 2.  But Wellpath did not make such a claim in their response.

to satisfy "two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014). Gladu contends that "intentionally interfering with [mental health] treatment once prescribed" constitutes "deliberate indifference" in violation of the Eighth Amendment, citing to six cases in which courts found "that the failure to carry out physicians' orders is unconstitutional." ECF No. 227-2 at 2 (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). However, the degree of deliberate indifference and the seriousness of medical harm caused to the prisoners in those cases are easily distinguishable from the scheduling delay challenged here.[4]

The First Circuit has also held that prison administrators do not have a "duty to provide care that is ideal, or of the prisoner's choosing," nor do disagreements between a prisoner and a doctor about treatment constitute constitutional violations. *Kosilek*, 774 F.3d at 82; *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980); *see also Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991) ("Although deliberate indifference to an inmate's serious need can be found even where some affirmative action has been taken, appellant offers *no* evidence that defendants' failure to provide psychiatric care either rendered the treatment received 'so inadequate as to shock the conscience,' or constitutes an omission 'so dangerous (in respect to health or safety) that a defendant's knowledge of a large risk can be inferred.'" (citations omitted)

---

[4] The record reflects that Dr. Fine's progress notes recommended "neuropsychiatric testing when possible," without any indication that such testing was urgently required or related to a serious medical need. ECF No. 237-2 at 1.

(quoting *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1991), and *Cortes-Quinones v. Jimenez-Nettleship*, 842. F.2d 556, 558 (1st Cir. 1991))). Gladu has not satisfied either prong: he has not put forth any record evidence that he has a serious medical need that has been impacted by Wellpath's scheduling delay and he has not shown that the delay constitutes a deliberate indifference to his health. Nor can the delay "be characterized as wanton infliction of unnecessary pain" or an attempt to punish Gladu. *Estelle*, 429 U.S. at 105. Because a plaintiff must show a substantial likelihood of success on the merits as a threshold requirement for a preliminary injunction, *New Comm Wireless Servs., Inc. v. SprintCom, Inc.,* 287 F.3d 1, 8-9 (1st Cir. 2002), and Gladu has failed to do so, I accept Judge Nivison's Recommended Decision (ECF No. 268).

Gladu filed a second Motion for Preliminary Injunction to Enjoin MDOC Defendants From Using Food as a Punishment (ECF No. 245). Gladu alleges that on August 8, 2022, MSP hosted a barbeque and unit managers were allowed to select which prisoners could attend. Gladu contends that Jason Palmer, an SMU unit manager, only allowed "level 3 and 4 prisoners" to have food from the barbeque and that "level 1 and 2 prisoners were served only those regular meals that day as punishment for their being on lower levels." ECF No. 245 at 1. He argues that he was placed on a lower level due to "behavior caused by his disability," and that depriving him of an extra meal because of his placement on a lower level "was a direct and proximate result of [his] mental disability" in violation of the Eighth Amendment and the ADA. ECF No. 245 at 1. On October 6, 2022, Judge Nivison issued a

10

Recommended Decision which recommends denying this motion (ECF No. 270), finding that Gladu failed to show a likelihood of success on the merits because he did not provide "any persuasive authority . . . that providing prisoners who had attained a certain classification level in the prison with an additional meal on one occasion" would constitute a violation of the Eighth Amendment or the ADA.  ECF No. 270 at 2.

Gladu objected (ECF No. 281) to Judge Nivison's Recommended Decision, stating "that it is common sense that Defendants are/were not allowed under the Constitution [or the ADA] . . . to use food or nutrition of any kind as a punishment or for behavior modification tool."  ECF No. 281 at 1.  Gladu also requested to be excused from providing case citations to support his argument because he allegedly did not have access to his legal files or the law library.  The Defendants' response to Gladu's Objection (ECF No. 288) reiterated Judge Nivison's finding that Gladu did not provide persuasive authority on the issue and alleged that Gladu had been housed in Unit A-2 since August 18, 2022, where he would have had access to a Westlaw terminal to conduct legal research.

Notwithstanding Gladu's request to be excused from citing to persuasive authority to support his claim, he has failed to provide any facts to support his allegation that the provision of an extra meal was intended to serve as a punishment or a reward, and he has alleged only a single instance where Defendants provided different food to prisoners on different levels.  For the reasons put forth in Judge

Nivison's Recommended Decision, I accept the Recommended Decision (ECF No. 270) and deny Gladu's Motion for Preliminary Injunction (ECF No. 245).

## III. PLAINTIFF'S OTHER OBJECTIONS

Additional objections to Judge Nivison's non-dispositive orders are addressed below. *See* Fed. R. Civ. P. 72(a).

### A.    Motion for Hearing on Spoliation Claims

Gladu filed a Motion for Hearing on Spoliation Claims (ECF No. 155), which Judge Nivison denied on June 7, 2022 (ECF No. 194).  Gladu appealed this order on June 21, 2022 (ECF No. 200), asserting only a conclusory allegation that Dr. Fine "permanently altered" his medical records "in an effort to assist or benefit Defendants in litigation."  ECF No. 200 at 1.  There is no indication, however, that Dr. Fine's evaluation and diagnosis were conducted in anticipation of this litigation—as the Wellpath Defendants have noted, they were not served until December 9, 2021, nine months after this evaluation—nor did Gladu provide plausible, factual allegations that the diagnosis was part of an agreement or conspiracy involving other Defendants.

Gladu also claims that he has been "outright barred . . . from accessing his medical and mental health records . . . for over one and a half years" and argues that without access, he is unable to identify other spoliation claims.  ECF No. 200 at 2.  A viable spoliation claim requires a party to plead plausible, factual allegations that evidence has been destroyed or not preserved.  *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012).  Delays in access to medical records do not

constitute spoliation, and Gladu has not offered any additional allegations. Moreover, the Wellpath Defendants have represented that Gladu received a complete copy of his medical records on August 2, 2022. As Judge Nivison properly observed in his Order, there will be other opportunities during discovery for Gladu to examine his medical records and challenge Dr. Fine's diagnosis. Thus, the Order is affirmed.

## B.    Motion to Appoint an Expert Witness

Gladu filed a Motion to Appoint an Expert Witness (ECF No. 164), citing the need for neutral mental health practitioners and an administrator familiar with prison health care to provide expert testimony on the harmful effects of prolonged placement in solitary confinement. Judge Nivison denied this motion (ECF No. 195) on June 7, 2022, and Gladu appealed (ECF No. 199), arguing that the Court should appoint an impartial witness pursuant to Fed. R. Evid. 706 "to provide the trier of fact with an unbiased review of Plaintiff['s] mental health care, effects of long-term solitary confinement, and other oner[o]us conditions of confinement." ECF No. 199 at 1.

As the Magistrate Judge noted, a court has "broad discretion" to determine the need to appoint an expert witness. ECF No. 195 at 1 (quoting *Stones v. McDonald*, 7 F. Supp. 3d 422, 431 (D. Del. 2014). "Particularly in the context of prisoner litigation . . . courts should appoint an expert sparingly given the considerable expense that would otherwise be imposed on governmental defendants . . . ." ECF No. 195 at 2 (citing *Ezzard v. Ajibade*, No. 3:14-cv-00141, 2015 WL 5838494, at *1 (S.D. Ga. Oct. 5, 2015), and *Thomas v. Antipov*, No. 2:11-cv-01138, 2013 WL 6086765,

at *3 (E.D. Cal. Nov. 19, 2013)).  The primary purpose of Fed. R. Evid. 706 is "not to benefit a particular party," *Paiva v. Bansal*, No. CA 10-179-S, 2011 WL 1595425, at *3 (D.R.I. Apr. 27, 2011), but to assist the trier of fact, especially in a case that involves "scientific, technical, or other specialized knowledge." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997) (finding that a reasonable jury could assess plaintiff's claim that prison officials were deliberately indifferent to his serious illness without the assistance of expert testimony to explain "complex questions concerning medical diagnosis and judgment"); *see also Swan v. United States*, 698 F. Supp. 2d 227, 232 (D. Mass. 2010) (responding to plaintiff's request for affidavits from a dentist, the court noted that it "may appoint an expert pursuant to Fed. R. Evid. 706, [but] this is a 'routine medical malpractice case', not one involving complex or esoteric subjects requiring an expert's assistance").

Contrary to Gladu's argument that the challenged order lacked a "reasoned explanation," Judge Nivison properly exercised his discretion to conclude that at this stage of the litigation, prior to the start of discovery, an expert witness would serve only to support Gladu's own position on his factual allegations and would not assist a trier of fact to understand otherwise complex evidence.  ECF No. 199 at 2.  Thus, the Order is affirmed.

**C.     Motion to Take and Secure Photographic Evidence, Motion to Secure Prisoner Eating Utensils and Drink Cups, and Motion for Independent Analysis of Eating Utensils and Drinking Cups**

Gladu filed motions ECF Nos. 173, 174, and 176 in April 2022, arguing that the MDOC Defendants should be required to provide photographs of each cell in SMU to show whether prisoners housed there have access to "basic life necessities" such as

clothing and towels.  ECF No. 176.  Judge Nivison denied these motions on June 22, 2022 (ECF Nos. 201, 202, 203), citing privacy and security concerns, and concluding that Gladu had not provided any support for his allegation that the cups and utensils were contaminated.  Although Judge Nivison found Gladu's request for photographs from every cell in SMU to be unreasonable, he ordered the MDOC Defendants to "take photographs of the utensils and cups provided to Plaintiffs or another prisoner in the SMU."  ECF No. 202.   Plaintiff Gladu appealed these orders on July 7, 2022 (ECF. No. 214).  For the reasons set forth in Judge Nivison's Orders, I affirm.

### D.  Motion for Sanctions and Renewed Request for Hearing on Spoliation of Evidence

Gladu filed a renewed request for a hearing on spoliation of evidence on July 25, 2022 (ECF No. 224), alleging that Unit Manager Jason Palmer entered Gladu's cell to take photographs of his cup and eating utensil.  He claims that Palmer "staged the photograph, by deliberately removing from view of the camera [his] dingey/nasty stained and gross looking plastic spoon . . . and replacing it with a nice clean and shiny plastic re-useable spork."  ECF No. 224 at 1.  Gladu alleges that Palmer did this "at the behest of certain MDOC Defendants," and now Gladu seeks to offer the dirty spoon as evidence and requests a hearing "to address this attempt to deliberately hide and conceal material evidence."  ECF No. 224 at 1-2.  Judge Nivison denied this motion on September 13, 2022 (ECF No. 260), again because Gladu did not reply to MDOC's direct refutation of this allegation and did not provide "contradictory objective evidence."  ECF No. 260.  For the reasons set forth by Judge Nivison, the Order is affirmed.

15

E.   **Motion for Court to Assess Plaintiff's Access to Prison Health Care Records and Motion for Production of Certain Documents and Records**

On July 18, 2022, Gladu filed a motion entitled Motion for the Court to Assess His Access to Prison Health Care Records (ECF No. 219), alleging that he had been unable to access his health care records for one and a half years, which has prevented him from "includ[ing] necessary facts and cur[ing] deficiencies in [his] complaint." ECF No. 219 at 1.  He claims that the records are related to his allegation that the Defendants conspired to alter his mental health diagnoses to interfere with litigation and that Dr. Fine removed his autism spectrum disorder diagnosis.

Seven days later, on July 25, 2022, Gladu filed a motion entitled Motion for Production of Certain Documents and Records in Support of Motion for Preliminary Injunction (ECF No. 228), seeking the production of specific medical records and reiterating his allegations regarding access to records.  Judge Nivison dismissed both motions as moot (ECF Nos. 259, 261) on September 13, 2022, because Wellpath claimed that they were compiling the records for Gladu to review and that they had informed Gladu of this.  Gladu did not file a reply to contradict these claims.  Wellpath subsequently represented that Gladu was provided with a complete set of his medical records on August 2, 2022, including records from outside providers covering the period from April 30, 2012, through July 29, 2022.

Gladu objected (ECF No. 267) to Judge Nivison's Orders, stating that he had been in SMU since mid-August without access to envelopes or his legal files, and that he did not have a table to use for writing his replies.  He also argues that he "is not obligated to reply to Defendants' response pleadings merely to repeat the same

16

arguments already raised in my initial motions" and that "contradictory representations" were included in his original motion. ECF No. 267 at 2. Contrary to Gladu's contention, however, neither his initial motion nor his objection to Judge Nivison's Orders disputed Wellpath's claim that he had been given his records in August 2022. Thus, Judge Nivison's Order is affirmed.

## F.    Motion to Appoint Counsel for Limited Scope and Representation

Gladu also filed a renewed Motion to Appoint Counsel for Limited Scope and Representation (ECF No. 226) on July 25, 2022, which is his fourth request for the appointment of counsel. In his renewed motion, Gladu reiterates that he requires assistance of counsel to access his prison health care records and claims that he has been denied access to his legal files "for weeks and months on end." ECF No. 226 at 1. Judge Nivison denied this motion on July 28, 2022 (ECF No. 229) in a text order and Gladu objected on August 1, 2022 (ECF No. 231), arguing that Judge Nivison failed to "provide Plaintiffs with an order that shows whether 'exceptional circumstances' exist." ECF No. 231 at 1.[5]

Judge Nivison's Order denying Gladu's renewed motion is properly based on the previous denial on February 17, 2022, of Gladu's request for assistance of counsel. Judge Nivison clearly explained that appointment of counsel is appropriate only in rare circumstances based "on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." ECF No. 137 at 3 (quoting *DesRosiers*

---

[5] As noted above, since Gladu's objection to this order, the Wellpath Defendants represent that Gladu was provided with a complete set of his medical records on August 2, 2022, including records from outside providers covering the period from April 30, 2012, through July 29, 2022, thereby negating the need for assistance of counsel in that matter.

*v. Moran,* 949 F.2d 15, 24 (1st Cir. 1991)).  This rationale still stands.  Although the court may be "authorized to request a lawyer to represent an indigent prisoner under 28 U.S.C. § 1915(e)(1) . . . such appointments occur very rarely, being saved for cases that appear to have some chance of success." *Clarke v. Blais*, 473 F.Supp. 2d 124, 125 (D. Me. 2007) (footnote omitted).  At this stage, Gladu has alleged enough facts to proceed with actionable claims, the Court has not assessed the merits of the case, and—as Judge Nivison previously noted—Gladu "has demonstrated that he understands the litigation process."  ECF No 137 at 4.   Thus, the Order is affirmed.

**G.    Motion for Hearing on Defendants' Interference with Plaintiff's Efforts to Conduct Litigation and Ascertain Material Evidence and Motion for Expedited Hearing on Defendant's Refusal to Preserve Material Evidence**

On August 12, 2022, Gladu filed two motions for expedited hearings (ECF Nos. 235 and 236), alleging (1) that the MDOC Defendants have engaged in an "unofficial policy and custom of intercepting and forwarding mail" addressed to him, which has impeded his access to evidence, and (2) that the MDOC Defendants have refused to preserve rusty razors that were issued to prisoners housed in SMU.  ECF No. 235 at 1.  Judge Nivison denied the motions on August 24, 2022 (ECF Nos. 252, 253), concluding that there was no evidence that Defendants were interfering with Plaintiff's ability to litigate his claims, and finding that the razors were not material evidence, declining to "intervene in the management of the prison."  ECF No. 252.

Gladu objects (ECF No. 256) to both of Judge Nivison's Orders, arguing that Judge Nivison "is clearly incorrect in his position that the precedent cited . . . prevents the courts from taking any action at all against prisons."  ECF No. 256 at 1.  Gladu's

objection mischaracterizes the basis for the decision, which was an appropriate exercise of judicial restraint. *See Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) ("[J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . .  The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.").  Here, there is no indication that the prison's mail screening policies or the Defendants' refusal to preserve razors as evidence pose an immediate threat to Plaintiff's constitutional rights.  Thus, the Orders are affirmed.

## H.    Motion for Court to Order MDOC to Provide Means for Gladu to Serve Copies of Motions and Other Filings Herein Upon Co-Plaintiff Hardy

On August 22, 2022, Gladu filed a motion entitled Motion for Court to Order MDOC to Provide Means for Gladu to Serve Copies of Motions and Other Filings Here Upon Co-Plaintiff Anthony Hardy (ECF No. 248), requesting a means "to serve [Hardy] with motions and other filings" because they are currently housed in different units.  ECF No. 248 at 1.  The Defendants' Response (ECF No. 254) described a plan to address Gladu's request and to conditionally allow the Plaintiffs to serve each other with legal filings.  Noting that the Defendants' proposed communication plan was a "reasonable approach to the issue," Judge Nivison issued an Order (ECF No 265) dismissing Gladu's motion as moot.  Gladu objected (ECF No. 273) on October 11, 2022, arguing that the proposed plan limits communications to service of pleadings and impacts their ability to coordinate and file an amended complaint.  Gladu contends that "MDOC . . . continues to fail to provide reasonable means to Gladu and

Hardy to serve each other with legal pleadings and/or legal communications pertaining to this matter," and argues that, as named Plaintiffs, they should be authorized to share "legal communications that pertain directly to those matters at hand," including "legal strategies, legal research, [and] new information." ECF No. 273 at 1.

The Defendants' Response (ECF No. 278) states that "Gladu's request for an order to allow communications between Plaintiffs, not limited to service of legal filings, asks the Court to intervene in the security practices and management of the prison." ECF No. 278 at 2. They also note that the Plaintiffs are proceeding pro se and that a modification of the communications plan would allow Gladu "to engage in communications akin to acting as []Hardy's lawyer." *Id.* at 3. Gladu filed a Second Reply (ECF No. 287), alleging that the Defendants "mischaracterize[d]" the motion, and "misrepresented their willingness to allow such communications." ECF No. 287 at 1. Gladu reiterated the need to communicate with Hardy in the process of amending their complaint and asserts that he "does not wish to 'act as Mr. Hardy's lawyer.'" *Id.*

As noted by the Defendants, the prison's Chief Administrative Officer has discretion to limit the subject matter of any communications between prisoners. While the Defendants have not indicated what, if any, security concerns may be implicated by allowing the Plaintiffs to share documents beyond legal filings—particularly because all communications between prisoners are screened pursuant to prison policy—I conclude that Judge Nivison properly exercised judicial restraint in

declining to interfere with the day-to-day operations of prison administration.  Judge Nivison's Order is affirmed.

## IV.  *COK* WARNING

Since commencing this case, Gladu has persistently filed repetitive and frivolous motions which have significantly impeded the progress of this litigation.[6] Although Gladu is representing himself, he may not submit "[g]roundless and inappropriate filings" to the Court.  *D'Amario v. United States*, 251 F.R.D. 63, 64 (D. Me. 2008).  "[F]rivolous filings waste judicial resources" and inhibit the resolution of substantial matters.  *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019); *Brown v. Ferrara*, No. 2:10-CV-523-GZS, 2012 WL 1165880 at *1 (D. Me. Mar. 28, 2012) ("[F]iling repetitious motions without awaiting rulings from the Court on motions already on the docket causes unnecessary delay."), *aff'd*, No. 12-1847, 2013 WL 7137520 (1st Cir. June 11, 2013).

In light of Gladu's repeated filing of frivolous motions and his non-compliance with this Court's Order (ECF No. 178) on April 19, 2022, requiring parties to request leave before initiating further discovery, the Court hereby issues a *Cok* warning: **Any further frivolous filings by Gladu in this docket or in a new case may result**

---

[6] Gladu has filed Motions for Temporary Restraining Orders (ECF Nos. 18, 215); Motions for Preliminary Injunctions (ECF Nos. 18, 227, 245); multiple motions requesting the preservation of evidence and the expedited production of documents and records (ECF Nos. 53, 171, 228); a motion requesting the Court to assess his access to health care records (ECF No. 219); multiple motions to preserve or collect evidence (ECF Nos. 133, 151, 173, 174, 176); multiple motions for sanctions and evidentiary hearings (ECF Nos. 224, 235, 236); motions for subpoenas (ECF Nos. 71, 82, 112); a motion to appoint expert witnesses (ECF No. 164); and multiple motions to appoint counsel (ECF Nos. 10, 70, 218, 226).  In addition, similar motions (see ECF Nos. 280, 282, 286) filed by Gladu have recently been denied or dismissed by Judge Nivison as "unreasonable" (ECF No. 298), "unnecessary" (ECF No. 299), and lacking "objective record evidence" (ECF No. 297).

**in an immediate order restricting his ability to file documents with the Court**. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 35-36 (1st Cir. 1993). Those restrictions may include: limiting Gladu's ability to file documents without Court approval; limiting the number and length of Gladu's filings; granting Defendants a stay from responding to any further motions or objections filed by Gladu until a case management conference has been scheduled; and other restrictions to screen out frivolous filings. *See United States. v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (noting that federal courts may "enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions"); *Procup v. Strickland*, 792 F.2d 1069, 1072-73 (11th Cir. 1986) (listing illustrative restrictions).

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Recommended Decision (ECF No. 196) of Judge Nivison is hereby **ACCEPTED.** Judge Nivison's rulings on Plaintiffs' Motion to File a Second Amended Complaint (ECF No. 162), with the remaining actionable claims, and Motion to Attach Operative Complaint Exhibits to the Second Amended Complaint (ECF No. 163) are **AFFIRMED** and the motions are **GRANTED.**

The MDOC Defendants' Partial Motion for Summary Judgment is **GRANTED in PART** as to the majority of Hardy's federal claims, **DENIED IN PART** as to Hardy's conditions of confinement claim based on unsanitary conditions, and the Motion to Dismiss is **DENIED** as moot (ECF No. 140). The Wellpath Defendants' Motion to Dismiss (ECF No. 146) is **DENIED** as moot.

Judge Nivison's Recommended Decision (ECF No. 268) denying Gladu's Motion for Preliminary Injunction is **ACCEPTED** and Gladu's Motion for Preliminary Injunction (ECF No. 227) is **DENIED**. Judge Nivison's Recommended Decision (ECF No. 270) denying Gladu's second Motion for Preliminary Injunction is **ACCEPTED** and Gladu's motion (ECF No. 245) is **DENIED.**

Judge Nivison's non-dispositive Orders (ECF Nos. 194, 195, 201, 202, 203, 229, 252, 253, 259, 260, 261, 265) are **AFFIRMED** and Gladu's Objections (ECF Nos. 199, 200, 214, 231, 256, 267, 273) are **DENIED**.

It is further **ORDERED** that:

1) Plaintiffs Gladu and Hardy shall file an amended complaint that includes the remaining, actionable claims against Defendants within 45 days of the docketing of this Order;

2) Defendants shall file Responses to Plaintiffs' Amended Complaint no later than 14 days after service of Plaintiffs' Amended Complaint**;**

3) Following the filing of the amended complaint and responsive pleadings, the case is hereby referred to Magistrate Judge Nivison for a case management conference and scheduling order. *See* Local Rules 16.1 (b)(4) and 16.2; and

4) The parties shall not file any further motions for discovery until a scheduling order has been issued, unless the party seeks leave of the Court and demonstrates good cause for the discovery to occur prior to the order.

SO ORDERED.

Dated this 2nd day of December, 2022.


_____
        /s/ Jon D. Levy
CHIEF U.S. DISTRICT JUDGE