UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON RENEWED
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Gladu asks the Court to revisit his motion for a preliminary injunction related to his request that the Wellpath Defendants arrange for Plaintiff to undergo a neuropsychological evaluation. (Motion, ECF No. 284.) In support of his motion, Plaintiff filed the report of a neuropsychological evaluation conducted in 2022.[1] The Court denied Plaintiff's prior request for injunctive relief on the issue. (Report and Recommended Decision, ECF No. 268; Order, ECF No. 300.)

Plaintiff has not presented record evidence that would warrant a different assessment of Plaintiff's request for injunctive relief. To the contrary, Plaintiff's filing further demonstrates that injunctive relief is not warranted. As the Court noted when it considered Plaintiff's prior motion, if Plaintiff obtained the neuropsychological evaluation he referenced in his prior motion, he would likely be unable to demonstrate the irreparable

---

[1] The report reflects the assessments were conducted on May 27, July 29, August 22, and September 26.

harm necessary to obtain injunctive relief. (Recommended Decision at 3, n.1; Order at 8.) Because a neuropsychological evaluation of Plaintiff was conducted in 2022, the supplemented record confirms that Plaintiff has not and cannot establish the irreparable harm necessary to obtain injunctive relief. *See Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 & n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)) (in evaluating a request for injunctive relief, a court "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.")  In other words, Plaintiff has secured the relief he seeks by way of an injunction – a neuropsychological evaluation. Furthermore, Plaintiff has presented no evidence that would support a different assessment of his likelihood of success on his claim.

Accordingly, for the reasons set forth in this Recommended Decision, the prior Recommended Decision (ECF No. 268), and the Court's Order denying Plaintiff's prior request for injunctive relief (ECF No. 300), I recommend the Court deny Plaintiff's renewed motion for a preliminary injunction.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

          /s/ John C. Nivison
          U.S. Magistrate Judge

Dated this 21st day of December, 2022.