UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:20-cv-00449-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON MOTION TO SEAL**

Plaintiff asks the Court to seal an exhibit to his renewed motion for a preliminary injunction. (Motion to Seal, ECF Nos. 283, 284.)[1] Through his motion for preliminary injunction, Plaintiff asks the Court to direct the Wellpath Defendants to arrange for Plaintiff to undergo a neuropsychological evaluation. The exhibit to the motion is the report of a neuropsychological evaluation conducted in 2022.

When the Court considers a motion to seal, the Court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a

---

[1] Plaintiff moved to seal the exhibit in connection with his motion to amend his complaint. (ECF No. 283.) Because Plaintiff asked that the exhibit be attached as an exhibit to his motion for a preliminary injunction, the Court construed the motion to seal to apply to the exhibit as referenced in both motions.

request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

While the Court understands that most parties would prefer to limit the personal information that is available on the public docket, to the extent the information is relevant to the Court's assessment of an issue, claim, or defense, the public interest is of "paramount" significance. *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Through his filings, Plaintiff evidently considers the report to be of some import and, therefore, the report is potentially relevant to the Court's assessment of the issues, claims, or defenses that will likely be generated in this case. Accordingly, the balancing of Plaintiff's interest in maintaining the report under seal and the presumptive public right to access would appear to weigh against the seal of the exhibit.

The Court recognizes that Plaintiff might not have been aware of the applicable standard as he did not offer any substantive argument in support of the sealing of the report, other than noting the report contained "confidential and highly sensitive" information. (Motion to Seal ¶ 2, ECF No. 283.) The Court, therefore, grants the motion to seal temporarily. The exhibit shall be sealed, but it will be unsealed unless Plaintiff, on or before January 13, 2023, demonstrates in writing that the exhibit should remain sealed. If Plaintiff fails to file a further written argument by January 13, or if the Court is unpersuaded by his argument, the Court will unseal the exhibit.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 21st day of December, 2022.

/s/ John C. Nivison
U.S. Magistrate Judge