# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **NICHAOLAS GLADU, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   1:20-cv-00449-JDL |
| | ) |
| **MAINE DEPARTMENT OF CORRECTIONS, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDED DECISION AND AFFIRMING ORDERS ON NON-DISPOSITIVE MOTIONS**

Plaintiff Nicholas Gladu, proceeding pro se, filed a "Renewed Motion for Preliminary Injunction for an Order Directing Defendants to Arrange for/Schedule Long Outstanding Neuropsychological Evaluation and Request that the Neuropsychological Evaluations Report Be Sealed" (ECF No. 284). United States Magistrate Judge John C. Nivison filed his Recommended Decision on the Renewed Motion for Preliminary Injunction with the Court on December 21, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), recommending that the Court deny the motion (ECF No. 309).[1]  Judge Nivison provided notice that a party's failure to object would waive the right to *de novo* review and appeal, and Gladu did not file an objection.  Notwithstanding Gladu's failure to file a timely

---

[1] Gladu also filed a Motion to Seal the medical records attached to his Motion for Leave to File an Amended Complaint (ECF No. 283). Judge Nivison granted the Motion to Seal (ECF No. 305), advising Gladu that generally, "documents presented as evidence are presumptively public." ECF No. 305. Gladu objected to this Order on January 11, 2023, and responses are pending (ECF No. 315). Judge Nivison also temporarily granted (ECF No. 310) Gladu's second Motion to Seal (ECF No. 284).

objection, I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with Judge Nivison's Recommended Decision for the reasons set forth therein and determine that no further proceeding is necessary.

Gladu also filed an "Omnibus Motion to Secure/Preserve All Other Evidence and Request for Hearing" on October 27, 2022, requesting the Court to order the MDOC Defendants to maintain logs of various administrative processes and tasks (ECF No. 280). On the same day, Gladu filed a Motion for Defendants to Secure/Preserve Evidence, claiming that he had made formal requests to Wellpath to preserve all records related to his requests for a neuropsychological evaluation (ECF No. 282). Judge Nivison denied both of these motions (ECF Nos. 298, 299), finding that (1) Gladu's request was "unreasonable," especially in light of the judicial restraint called for in problems of prison administration, and (2) Wellpath has demonstrated that "they understand their responsibility to preserve information" relevant to claims and defenses asserted in this action. ECF Nos. 298, 299.

Gladu objected to these orders on December 12, 2022 (ECF No. 304). Upon timely objection to a magistrate judge's order on a non-dispositive motion, this court may set aside the decision only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P 71(a). I find that Judge Nivison's Orders on Gladu's Motions to Secure and Preserve Evidence are not clearly erroneous or contrary to law.

It is hereby **ORDERED** that Judge Nivison's Recommended Decision on the Renewed Motion for Preliminary Injunction (ECF No. 309) is hereby **ACCEPTED**

and Gladu's Renewed Motion for a Preliminary Injunction (ECF No. 284) is **DENIED**. It is further **ORDERED** that Judge Nivison's Orders (ECF No. 298, 299) on the Motions to Secure and Preserve Evidence are **AFFIRMED** and Gladu's Objection (ECF No. 304) is **DENIED.**

    SO ORDERED.

    Dated this 20th day of January, 2023.

                                                       /s/ Jon D. Levy
                                        **CHIEF U.S. DISTRICT JUDGE**