UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00449-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO EXTEND
TIME TO FILE AMENDED COMPLAINT
AND MOTION TO ENFORCE**

This matter is before the Court on Plaintiff Gladu's motion to extend time to file his amended complaint and motion to enforce a prior court order. (Motions, ECF No. 316.)  I grant in part and deny in part the motions.

A.  Motion to Enforce

On July 25, 2022, Plaintiff moved the Court to order Defendants to assist in the identification of several individuals named in the complaint as John Doe and John Moe (the unknown defendants).  (Motion, ECF No. 223.)  I granted in part the motion and ordered, "to the extent Defendants can identify individuals based on the allegations, Defendants shall identify the individuals for Plaintiff." (Order, ECF No. 249.)  Plaintiff alleges Defendants have not complied with the directive and asks the Court to enforce the order. (Motion, ECF No. 316.)  The Wellpath Defendants represent that after the Court's order, they produced and made available to Plaintiff all his medical records. (Response, ECF No. 322.)  They also maintain that due to the conclusory and generalized nature of

Plaintiff's allegations, they are unable to identify the unknown defendants associated with Wellpath.  The State Defendants did not file a response to the motion.

After review of the record, including the Wellpath Defendants' response to the motion, I am satisfied that with access to his medical records, Plaintiff has available to him the information the Wellpath Defendants would use to attempt to identify the unidentified Wellpath agents or employees.  I, therefore, deny Plaintiff's motion to enforce as to the Wellpath Defendants.

Because the State Defendants did not respond to the motion, I am uncertain as to the efforts the State Defendants have undertaken to identify the individuals or whether the identification of the individuals is feasible.  The State Defendants shall, on or before March 3, 2023, either identify the individuals for Plaintiff or show cause in writing as to why they have not done so.

B.  Motion to Extend Time

On June 8, 2022, the Court granted in part Plaintiff's motion for leave to file a second amended complaint. (Order, ECF No. 196.)  I permitted Plaintiff to amend the complaint to assert the claims the Court previously allowed and to add a habeas claim.  On December 2, 2022,  on Plaintiff's objection to multiple orders, the Court directed Plaintiff to file the amended complaint within forty-five days. (Order, ECF No. 300.)  Plaintiff seeks to extend the time to file the amended complaint to a date forty-five days after Defendants identify the unknown defendants. (Motion, ECF No. 316.)

I discern no relationship between Plaintiff's attempt to identify the names of certain defendants and the time necessary to file the amended complaint.  Plaintiff can name the unknown defendants in the amended complaint as he did in the original complaint. Accordingly, I deny Plaintiff's request to defer the filing of the amended complaint until after he identifies the unknown defendants.  Plaintiff shall file the amended complaint on or before March 3, 2023.  Plaintiff's amended complaint shall be limited to the claims permitted by the Court. (*See* ECF Nos. 196, 300.)

SO ORDERED.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of February, 2023.