UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
|    Plaintiff, | ) ) ) |
|         v. | )    1:20-cv-00449-JDL ) |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
|    Defendants. | ) |

**ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Plaintiff Nicholas A. Gladu, proceeding pro se, filed a Motion for Leave to File an Amended Complaint and Motion to Seal (ECF No. 283) on October 27, 2022, seeking to attach the results of his neuropsychological evaluation to the Complaint. On December 17, 2022, United States Magistrate Judge John C. Nivison issued an Order (ECF No. 305) denying Gladu's motion, finding that the evaluation was conducted after the Complaint was filed and therefore, the results were not incorporated into or referenced in the Complaint.[1] Judge Nivison's Order does not limit Gladu's ability to offer the report into evidence.

On January 11, 2023, Gladu filed an Objection (ECF No. 315), arguing that the Order was "incorrect in stating that the operative complaint does not mention the contents and other information related to Gladu's neuropsych evaluation/report" and

---

[1] Judge Nivison granted Gladu's request to seal the attached evaluation due to the medical information contained therein.

1

that the "evaluation is material to the claims and allegations . . . [in] the operative complaint."  ECF No. 315 at 1.  The Defendants, Maine Department of Corrections and Wellpath, LLC, filed Responses (ECF Nos. 320, 321), arguing that Judge Nivison properly denied the motion.

Upon timely objection to a magistrate judge's order on a non-dispositive motion, this Court may set aside the decision only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P 72(a); *see also SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333, 2014 WL 1203244, at *1 (D. Me. Mar. 24, 2014) ("When the Magistrate Judge issues an order on a non-dispositive matter, the Court reviews factual findings for clear error and legal findings de novo.").  Having reviewed Judge Nivison's factual determinations for clear error, together with the entire record, I find no error.  The evaluation results may be material to Gladu's allegations, but the Complaint does not incorporate or reference the results.[2]

Accordingly, it is **ORDERED** that the Magistrate Judge's Order (ECF No. 305) is **AFFIRMED** and Gladu's Objection (ECF No. 315) is **DENIED**.

**SO ORDERED.**

**Dated this 15th day of March, 2023.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**

---

[2] The First Amended Complaint (ECF No. 68), which I allowed to proceed in part on December 2, 2021 (ECF No. 104), does not reference or incorporate the results of the neuropsychological evaluation.  Neither does Gladu's proposed Second Amended Complaint, which was attached to his Second Motion for Leave to File a Second Amended Complaint (ECF No. 162), filed on April 1, 2022.  I granted this motion in part on December 2, 2022 (ECF No. 300).  The Second Amended Complaint alleges that Gladu had "been awaiting a neuropsychological evaluation ordered in July 2020," but it also states that "such care has yet to occur."  ECF No. 162-1 at 17, ¶ 112.  The evaluation appears to have taken place after both versions of the complaint had been filed.